JOSE RODRIGUEZ V. THE STATE.

No. 21438. Delivered February 12, 1941.
Rehearing Denied March 19, 1941.
Application for Leave to File Second Motion for Rehearing
Denied (Without Written Opinion) April 23 ,1941.

The opinion states the case.

*Arthur C. Gonzalez,* of Del Rio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State, on submission.

KRUEGER, Judge.

The offense is theft from the person. The punishment assessed is confinement in the State penitentiary for a term of six years.

Appellant's first contention is that the evidence is wholly

insufficient to justify and sustain his conviction.

It appears from the record that on the night of July 3, 1940, Pedro Perez met Maximiano Munoz, Raul Sanchez and the appellant at a saloon in the town of Del Rio, where they engaged in the social drinking of beer and ate a lunch. From there, at the suggestion of Perez, they went to look for a woman who Perez claims to have known for several years. Failing to find her, they went to Calderon's saloon, where they drank some more beer. From there they went to San Felipe Creek; that upon their arrival at the creek they parked their car, and the appellant and Munoz took hold of Perez and pulled him into the creek, where appellant tried to put his hand into the pocket of Perez; that Perez took his billfold, containing about thirty-dollars, out of his pocket. As he had it in his hand, appellant grabbed it and took it away from him. They then got back into the truck and went to town, where they separated, each one going to his respective home.

Munoz testified that while he, the appellant and Sanchez were at the saloon, Perez came and joined them in a glass of beer; that while thus engaged Perez suggested that they go and look for a woman whom he had known for several years; that when they arrived at the home where this woman was supposed to live, Perez went to the side of the house while appellant and Munoz went to the front and knocked on the door. While they were at the front of the house, appellant said to Munoz: "Let's rob this man; he's got some money." On the way to Calderon's saloon, Perez was sitting on the lap of the witness; that before they reached the saloon he abstracted some papers from Perez's hip pocket but did not get any money. Munoz further testified that appellant took the money from Perez after they had gone to the creek and pulled him into the water.

We deem this evidence sufficient to justify the jury's conclusion of the appellant's guilt.

Appellant in due time filed two exceptions to the court's charge. His first objection relates to the court's instruction to the effect that Munoz was an accomplice. He contends that whether or not Munoz was an accomplice was a question of fact to be determined by the jury; that said instruction was harmful and prejudicial to the rights of the defendant. According to Munoz's testimony, he makes himself an accomplice as a matter of law. Hence the court was justified in so instructing the jury. See Spencer v. State, 52 Texas Cr. R. 289; Adams

v. State, 64 Texas Cr. R. 61; Sheppard v. State, 63 Texas Cr. R. 569.

Appellant's second objection to the court's charge is based on the ground that it failed to instruct the jury that unless they found that a conspiracy existed between Munoz and appellant to rob Pedro Perez, the defendant would not be responsible for the acts and declarations of Munoz; that the question as to the existence of a conspiracy at the time of the acts and declarations of Munoz should be submitted to the jury under an appropriate instruction with directions to disregard such evidence in the event a conspiracy had not been established beyond a reasonable doubt. We are not advised from the objection contained in the record as to what acts and declarations of Munoz the appellant had reference. The fact that Munoz testified that appellant told him: "Let's rob this man; he's got some money" would, in our opinion, be admissible regardless of whether a conspiracy was shown. It was a statement made by the appellant.

From Bill of Exception No. 1 it appears that while the witness, Ysidro Rodriguez, was testifying on behalf of the defendant, he was asked by appellant's counsel on direct examination if he had not talked to Pedro Perez just outside of the court room on the morning of July 5th, to which the witness replied in the affirmative. Thereupon, counsel asked the witness if he had not talked to Perez about any money that he could have lost or papers or anything like that, to which counsel for the State objected on the ground that a proper predicate had not been laid for the impeachment of the complaining witness Perez. The objection was sustained and the appellant excepted. The bill of exception recites that if the witness had been permitted to answer the question, he would have testified that he had a conversation with Perez on the morning of July 5th, and in that conversation Perez stated to the witness that he (Perez) did not know where the papers, and did not know where the money which he had, had been lost. We think the court's ruling in this respect was correct. It was incumbent upon the appellant to first have made inquiry of Perez as to whether he had made such a statement to the witness Rodriguez at the time and place stated and if he denied having made such a statement, then a proper predicate would have been laid for the introduction of the testimony sought to be elicited from him.

See 45 Tex. Jur. p. 156, sec. 281; Branch's Ann. Texas P. C., p. 108, sec. 179, and cases cited.

Bill of Exception No. 2 reflects the following occurrence: While appellant was on the witness-stand testifying in his own behalf, he was asked if he, in any way or manner, made an assault upon Pedro Perez, the alleged injured party, to which the State objected and the court sustained the objection. Appellant contended that if he had been permitted to answer, he would have testified, "I did not assault Pedro Perez." In his qualification of the bill, the court states that he sustained the objection to the question as shown in the bill, but that neither then nor at any time during the trial did the appellant himself state or testify as to what his answer to said question would have been. We are of the opinion that appellant should have been permitted to answer the question inasmuch as he was charged with robbery by assault in one count and with theft in another. However, since the jury acquitted appellant of robbery by assault and only convicted him of the second count charging him with theft from the person, we think the error became harmless. Hence we overrule his contention.

Bill of Exception No. 3 shows that counsel for the defendant and the State's witness, Munoz, became involved in a verbal controversy during the cross-examination of the witness by counsel as to whether or not the witness was telling the truth. The fact that the witness contradicted appellant's counsel as to some previous statement which counsel claims the witness had made to him would not justify a reversal of this case. Counsel had a right to ask him if he did not make certain statements to him outside of court and if the witness denied it, counsel could then impeach him.

Bill of Exception No. 4 again complains of the action of the trial court in declining to submit to the jury the question as to whether or not Munoz and the appellant had entered into a conspiracy to commit the offense charged, and that unless the jury so found, the defendant could not be held responsible for the acts and declarations of Munoz. We have heretofore disposed of the question in this opinion and see no need for a further discussion thereof.

Bill of Exception No. 5 complains of the following remark by the District Attorney in his argument to the jury:

"Now, gentlemen, we have a bunch of jelly-beans hanging around a beer joint."

Counsel for appellant objected to this argument as being

highly prejudicial and inflammatory and not supported by any testimony. Perhaps the argument was not justified by any testimony in the record, but, nevertheless, in our opinion, the same was not of such a prejudicial nature as would require a reversal of the judgment.

Finding no reversal error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

We are unable to agree with the contention of appellant in his motion for rehearing that reversible error was committed in any of the matters therein treated. We think the conclusions reached in the original opinion are correct. The holding relative to defendant's bill of exception No. One that no predicate was laid for the impeaching testimony is sound and certainly will require no further discussion than that given.

Appellant's bill of exception No. Three complains of the witness Munoz emphasizing his testimony by saying that he was, "telling the truth." Appellant says that this was a voluntary statement by the witness and not called for by a question asked, for which reason they had no opportunity to object to it until it was made. Every witness is required to take an oath that he will tell the truth. This statement he makes before the jury. If he repeats that at any time, or any number of times, we are unable to discover any fact which such statement places before the jury not already before them, or any harm that could come from such statement.

Appellant renews his argument on bill of exception No. Five complaining of the prosecuting attorney making the argument quoted in the original opinion, but no authorities are cited and no force added to the argument originally presented. It occurs to the writer that the reference as made to one accused of crime is rather mild, so much so that he would class it as something new and different. If we understand what is usually meant by, "jellybean" hanging around a beer joint, drug store or any other place, it would refer to about the most harmless, useless, purposeless aggregation within our conception. In the absence of something in the record indicating otherwise, it is our view

that it charges appellant with nothing and is, therefore harmless.

Believing that the original opinion reached the correct conclusion the motion for rehearing is overruled.