## W. J. COONS V. STATE.

No. 24187.   December 8, 1948.

Hon. F. W. Hustmyre, Judge Presiding.

*Homer E. Stephenson,* of Orange, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of an assault with intent to murder and given a term of five years in the penitentiary, and he appeals.

From the State's standpoint the facts show such an assault.

There is but one bill of exception in the record and that re lates to the cross-examination by the State of the appellant's wife. She testified relative to the facts herein, and upon the crucial point as to whether appellant or the injured party fired the first shot. She stated that the injured party, Mr. Hancock, shot first at her husband, whereupon the State, over appellant's objection, asked her if she did not tell Mrs. Lewis that her husband brought her to the scene of the shooting by means of a gun and that she did not remember anything that took place at the time of the shooting. Over proper objection, she said that she may have told Mr. Woodrow that she remembered nothing as to what took place at the shooting, but that she did not make such statement to anyone else. Thereupon the State, over appellant's objection, placed Mrs. John W. Corley upon the stand and elicited from her that she talked to Mrs. Coons on the day of the shooting and the morning thereafter; that she told Mrs. Corley that her husband brought her to the scene of the shooting at the point of a gun and "she said she didn't remember anything from the time he pushed her out of the car."

This testimony was objected to on the ground that a proper predicate had not been laid to allow the impeachment of Mrs. Coons, and that neither the time, place, date nor person was specified in the question to Mrs. Coon, nor called to her attention while she was testifying, nor was such matter brought out in the direct examination of appellant's wife. The careful trial court admitted this testimony only on the ground of an impeachment of the appellant's wife, if it did so, and thus limited it in his charge.

It is called to our attention that Mrs. Coons was not asked relative to any statement made to Mrs. Corley, but only as to a purported statement made to Mrs. Lewis, and her attention was not called either to the time or place where and when such statement might have been made.

The rule relative to such attempted impeachment matters was early laid down by this court in the case of Henderson v. State, 1 Tex. App. 432, wherein it was said.

"The credit of a witness may be impeached by proof that the witness has made statements out of court contrary to what he

has testified at the trial; but it is only in such matters as are relevant to the issue that the witness can be contradicted. And before this can be done it is generally held necessary, in the case of verbal statements, first to ask him as to time and place and person involved in the supposed contradiction. It is not enough to ask him the general question whether he has ever said so and so, or whether he has always told the same story, because it may frequently happen that upon a general question he may not remember whether he has so said; whereas, when his attention is challenged to particular circumstances and occasions, he may recollect and explain what he has previously said. I Greenl. on Ev. (6th ed.), sec. 462, and note 1, p. 593."

See also Branch's Ann. Tex. P. C., p. 108, sec. 179, and cases there cited requiring the impeachment predicate to state the time, place and person. See also West v. State, 116 Tex. Cr. R. 468, 34 S. W. (2d) 253; Roach v. State, 41 Tex. Rep. 261; Mitchell v. State, 38 Tex. Cr. R. 170, 41 S. W. 816; Martinez v. State, 53 S. W. 634; Rodriquez v. State, 141 Tex. Cr. R. 543, 148 S. W. (2d) 436.

We do not think the trial court's action in limiting this testimony to impeachment purposes only could cure the error in its admission. See Williams v. State, 3 Tex. App. 316.

For the error in improperly admitting the testimony of Mrs. Corley, the judgment herein is reversed and the cause remanded.