AARON EVERETT JONES V. STATE

No. 32,519. November 30, 1960

Moion for Rehearing Overruled January 25, 1961

Second Motion for Rehearing Overruled February 22, 1961

*Royce E. Ball,* Lubbock, for appellant.

*George E. Gilkerson,* District Attorney, *Fred E. West,* Assistant District Attorney, Lubbock, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge

The conviction is for an assault with a prohibited weapon; the punishment, two years in the penitentiary.

The testimony of the state shows that the appellant while un-

lawfully carrying a pistol wilfully made an assault with said pistol upon the alleged assaulted party.

The appellant did not testify or offer any evidence.

It is contended that the trial court erred in refusing appellant's motion to quash the indictment on the ground that it is duplicitous because it charges in the same count the offense of assault with a prohibited weapon and burglary.

The indictment sufficiently charges the appellant with an assault with a prohibited weapon, a pistol, and it further alleges in the same count that he shot the pistol into the house in which the assaulted party was situated.

The offense of burglary is constituted by the unlawful entry into a house. Such entry may be committed by the discharge of fire-arms into a house with the intent to injure any person therein. The indictment herein does not allege any unlawful entry into a house. The shooting of a pistol into a house by shooting into the floor while inside the house, as the testimony shows in this case, does not constitute an unlawful entry into the house.

It is concluded that the indictment does not in the same count charge two distinct offenses, and the allegations that he shot into the house may be rejected as surplusage. 1 Branch 2d 505, Sec. 526. Schwarz v. State, 136 Tex. Cr. R. 260, 124 S.W. 2d 392; Olde v. State, 139 Tex. Cr. R. 288, 139 SW. 2d 595.

Appellant complains of the court's refusal to charge the offense of aggravated assault and simple assault. These offenses are not included under the provisions of Art. 1151, V.A.P.C., as the article carves out a particular type of assault and makes it a distinct offense. 6 Tex. Jur. 2d 271, Sec. 33; Brinkley v. State, 82 Tex. Cr. R. 150, 198 S.W. 940.

The evidence is sufficient to support the conviction and no error appearing, the judgment is affirmed.

Opinion approved by the Court.

ON MOTION FOR REHEARING

MORRISON, Judge

It is again urged that the indictment is duplicitous in that it

also charged burglary. An examination of Article 1393, V.A.P.C., will reveal that in order to charge the offense denounced by said article it is necessary to allege that the firearm was discharged into the house with the intent to injure a person therein situated. This essential allegation does not apear in the indictment before us, and it therefore does not charge burglary.

As to appellant's contention that the jury should have been charged on the law of aggravated and simple assault, we call attention to our holding in Barton and Dutton v. State, 162 Tex. Cr. R. 75, 282 S.W. 2d 237, that there was no necessity of charging on aggravated assault unless there was some doubt that the greater offense of castration had been committed.

Remaining convinced that we properly disposed of this case originally, appellant's motion for rehearing is overruled.