Jerry WATSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 37613.

Court of Criminal Appeals of Texas.

Jan. 20, 1965.

Rehearing Denied March 3, 1965.

Gladden & Cook, Dan W. Lane, Fort Worth, for appellant.

Doug Crouch, Dist. Atty., Jack Beach, Asst. Dist. Atty., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Presiding Judge.

The offense is aggravated assault; the punishment, one year in jail.

The state's testimony reflects that appellant was employed as a "press hand" at the Oil States Rubber Company at Arlington, Texas. His immediate supervisor was John W. Ritchie. On January 24, 1964, Ritchie explained to appellant that some of his production was not good. Appellant replied that he didn't have time, and that he did not care. Ritchie then told appellant that if he had lost interest in his work that he would have to take further steps in the matter, to which appellant retorted, "Well then just go ahead and fire me. Just go ahead and fire me." After discussing the appellant's attitude with his supervisor, Mr. J. R. Long, and the plant supervisor, Mr. Jerry Matthews, Ritchie returned to the press where appellant was working. Upon being told that he woud be let go appellant asked, "Do you mean I'm fired?" Ritchie replied, "Yes, that's right." Appellant then

reached across the table where he was working and picked up an iron bar, stepped back and hit Ritchie on the chin with it, fracturing his jaw in two places and knocking out four teeth. Ritchie missed two weeks work as a result of these injuries. Shortly after hitting Ritchie, appellant threw his work gloves into Mr. J. R. Long's face and was heard to exclaim, "I have been waiting for this chance a long time." To another inquiry as to what had occurred, he replied, "I knocked the hell out of him with a tire tool".

■ Appellant offered no testimony nor did he testify in his own behalf. He urges two contentions as error. Both are objections to the court's charge. Appellant complains of the court's failure to grant his requested charge defining "premeditated design". There were no written objections to the court's charge. Such question is not properly before this Court for review because no formal bill presents the matter and appellant failed to except to the action of the court in refusing the tendered charge. Smith v. State, 166 Tex.Cr.R. 294, 313 S.W.2d 291.

We do, however, observe that the court defined "premeditated" in an acceptable manner in his charge even though this was unnecessary under the holding of this Court in Mitchell v. State, Tex.Cr.App., 365 S.W.2d 804.

■■ Also, though not properly before us for review, we observe that the court did not err in failing to charge on simple assault. In Jones v. State, 170 Tex.Cr.R. 581, 342 S.W.2d 585, we held that there was no necessity for the court to charge on simple assault unless there was some doubt that the greater offense had been committed. We have concluded that the facts before us here would not require a charge on simple assault.

Finding the facts sufficient to support the conviction and no reversible error, the judgment is affirmed.