Edward Louis ZARSKY, alias Bill Gent, Appellant,

v.

The STATE of Texas, Appellee.

No. 46182.

Court of Criminal Appeals of Texas.

May 1, 1973.

Will Gray (court appointed) Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Allen Stilley, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., Robert R. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is murder; the punishment, forty (40) years.

The homicide occurred in a room at the Rice Hotel in Houston. Appellant, who rented the room and registered under the name of Bill Gent, arrived alone and without any baggage on Friday, August 14, 1970. The body of the deceased, a 41-year-old woman, was discovered, seated erect on the commode, in appellant's room on the following Monday. She was seen entering the hotel early Friday evening in appellant's company. Appellant left the Rice, without checking out, on Monday morning, prior to the discovery of the body, carrying "a bundle of sheets". He was arrested on August 18 at Sam Houston Hotel in Houston where he registered under the name of Paul Martin and listed a fictitious address. In his room at the second hotel the officers found a blood-stained sheet and napkin bearing the name of the Rice Hotel, a bloodstained mattress pad, and a bloodstained knife and razor blades.

Dr. Joseph Jachimczyk, a noted pathologist, set the time of death at approximately 11:00 p. m. on Sunday, August 16, and testified that the cause of death was a broken neck. He further testified that while she was still alive the deceased also sustained abrasions as well as numerous disfiguring cuts. He concluded that they were not the cause of death and that the abrasions could have been sustained through a beating and cuts inflicted by razor blades. He also stated that the broken neck could conceivably have resulted from a fall into the bathtub, but the numerous cuts over the body could not have been self-inflicted.

Everett Attaberry, whose room was 25 to 30 feet from that rented to appellant,

testified he heard a "horrible scream" and "thumping noises" in appellant's room at approximately 10:15 p. m. on Sunday, August 16. He did not spread an alarm. The following morning appellant was gone and the body was found. Empty whiskey, wine and beer bottles were found in the blood spattered room.

Appellant did not testify or offer any evidence in his own behalf.

■ We overrule ground of error number five that the State failed to overcome every other reasonable hypothesis save that of appellant's guilt which was submitted to the jury under the law of circumstantial evidence. Means v. State, Tex.Cr.App., 429 S.W.2d 490; Lovel v. State, 93 Tex.Cr.R. 615, 248 S.W. 349.

■ Appellant's first, second and third grounds of error are that the court erred in failing to charge on murder without malice, aggravated assault and accident. From the above statement of facts it is apparent that the evidence did not raise these issues and the court did not err in failing to submit them to the jury. Garza v. State, Tex.Cr.App., 479 S.W.2d 294; McGee v. State, Tex.Cr.App., 473 S.W.2d 11; and Jones v. State, 170 Tex.Cr.R. 581, 342 S.W.2d 585.

■ Appellant's fourth ground of error is that the court erred in charging the jury to return a verdict of guilty upon a finding that defendant killed the deceased by "beating her with hands and fists and other instruments and means to the grand jury unknown and by breaking her neck by means to the grand jury unknown and by cutting her with a knife and other instruments to the grand jury unknown as set forth in the indictment." Under the peculiar facts in this case, the court did not err in submitting the case as he did. Appellant cites no authorities in his support and we find no merit in his contention.

Finding no reversible error, the judgment is affirmed.