Prentice Noel **ELLARD**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 47601.

Court of Criminal Appeals of Texas.

March 6, 1974.

Rehearing Denied April 10, 1974.

Ruth J. Blake (Court-appointed), Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell, John Holmes, Jr., Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

CORNELIUS, Commissioner.

Appellant was convicted of assault with intent to murder a peace officer. Punishment was assessed at twelve years' confinement. The sufficiency of the evidence is not challenged.

In the first ground of error, appellant asserts that the trial court erred in refusing to grant him a continuance on the ground that his attorneys had not had sufficient time to prepare the case for trial. The indictment against appellant was returned on August 3, 1971, and the case was set on August 25, 1971, for trial on September 7, 1971. The first motion for continuance and an amendment thereto were filed on the day of trial.

The amended motion for continuance was signed and sworn to by the appellant's attorney but neither the original motion nor the amended motion was signed or sworn to by the appellant himself as required by Art. 29.08, Vernon's Ann.C.C.P. Therefore, the motions were properly overruled and nothing is presented for review. McGowen v. State, 163 Tex.Cr.R. 587, 290 S.W.2d 521 (1956), certiorari denied 352 U.S. 902, 77 S.Ct. 268, 1 L.Ed.2d 114, rehearing denied 352 U.S. 955, 77 S.Ct. 324, 1 L.Ed.2d 245, petition dism'd 354 U.S. 936, 77 S.Ct. 1405, 1 L.Ed.2d 1536; Galvan v. State, 461 S.W.2d 396 (Tex.Cr.App.1970).

Ground No. 2 urges that the charge to the jury was at variance with the indictment, as the indictment charged that the assault on the peace officer was made "with malice aforethought" but such language was omitted from the charge to the jury and the verdict.

Appellant was charged and convicted under Art. 1160a, Sec. 2, Vernon's Ann.P.C., which provides that a person who assaults a peace officer with intent to murder while said officer is in the performance of his official duty, knowing that the assaulted person is a peace officer, is guilty of a felony. That the assault was committed with malice aforethought is not an element of the offense. Flores v. State, Tex.Cr.App., 487 S.W.2d 122. Neither does the presence of malice affect the punishment which may be assessed for the offense. Therefore, the words "with malice aforethought" in the indictment are not descriptive of the offense and may be regarded as surplusage. Flores v. State, supra. That being true, it was not necessary that the court charge upon, or the jury find, malice. For cases involving analogous situations see Beck v. State, 172 Tex. Cr.R. 534, 360 S.W.2d 410; Malazzo v. State, 165 Tex.Cr.R. 441, 308 S.W.2d 29; and Kelley v. State, 138 Tex.Cr.R. 647, 137 S.W.2d 1004.

Ground of error No. 3 contends that the indictment was fatally defective in that it did not charge a specific offense or, alternatively, that it charged two offenses as prohibited by Art. 21.24, V.A.C.C.P. The basis of this contention is that the words of the indictment which charge an assault to murder a peace officer (Art. 1160a, V.A.P.C.) would also charge a violation of the general assault to murder statute (Art. 1160, V.A.P.C.), for which the punishment range is different. We find no merit to this contention. The indictment substantially tracked the words of the statute, which is ordinarily sufficient. Bass v. State, Tex.Cr.App., 427 S.W.2d 624; 30 Tex.Jur.2d, p. 580, § 27. That the facts so alleged may also constitute an offense under a different statute does not vitiate the indictment. Sims v. State, 21 Tex.App. 649, 1 S.W. 465; 30 Tex.Jur.2d, p. 579, § 26. See also Akin v. State, Tex. App., 12 S.W. 1101; Cedargreen v. State, Tex.Cr.App., 432 S.W.2d 524; Steambarge v. State, Tex.Cr.App., 440 S.W.2d 68.

It is next contended in ground No. 4 that the trial court erred in failing to charge the jury on aggravated assault and simple assault. It is undisputed in the record that the appellant used a pistol when he shot at the peace officer. There was no defense raised that there was a lack of intent to kill. The only defense raised was that the appellant acted in self-defense as he did not know that the victim was a peace officer. As the assault was made with a weapon deadly per se, the intent to kill is presumed and it was not necessary to charge on aggravated assault or simple assault, even if they be considered lesser offenses. Suber v. State, Tex.Cr. App., 440 S.W.2d 293; Gamblin v. State, Tex.Cr.App., 476 S.W.2d 18; see also Redd v. State, Tex.Cr.App., 452 S.W.2d 919; and Jones v. State, 170 Tex.Cr.R. 581, 342 S.W.2d 585.

Ground No. 5 asserts that the court should have charged the jury on lawful violence or self-defense. We do not agree. Such a charge was not necessary. Appellant's only explanation of his acts or claim

of self-defense was that he was unaware that the victim was a peace officer in the performance of his duty and that he therefore believed that it was necessary to protect himself from an unknown potential assailant. This defense was included in and adequately covered by the court's charge that if the jury believed or had a reasonable doubt that appellant was not aware that the victim was a peace officer in the performance of his duty, they must acquit the appellant. In fact, the instruction was more liberal and favorable to appellant's case than required by the evidence.

In ground of error No. 6 the appellant claims surprise and a denial of a fair trial because of the use by the State of "certain records" not produced pursuant to the court's order granting the appellant's pretrial motion for discovery.

Prior to trial the court had granted a motion for discovery including a request for a discovery of

"any books, papers, documents, photographs or tangible objects which the prosecuting attorney means to use in the trial or which were obtained from or belonged to the accused and/or the co-indictees including co-defendants indicted separately."

On the discovery hearing the prosecutor had said he had no documents or papers. The appellant on appeal complains that during the cross-examination of the appellant the prosecutor used some documents not produced pursuant to the discovery order. After the cross-examination had proceeded for some time a specific objection was made concerning the State's counsel using documents not produced for discovery. The trial court, after considering the arguments of both parties, overruled the appellant's objection, denied a motion for mistrial and directed the State not to refer to or use the documents until such time as they might be admitted into evidence. It may be inferred from the record the documents were being used to refresh the prosecutor's memory as to some details. The documents used by the State were not marked and identified at that time and made a part of the record. This being the state of the record it does not appear that the court improperly denied the motion for mistrial. If we assume as it is now asserted that such documents were records of prior convictions of the appellant we find that the appellant, who testified fully about his prior convictions, was not surprised or prejudiced. See Hinkle v. State, Tex.Cr.App., 442 S. W.2d 728 and Graham v. State, Tex.Cr. App., 486 S.W.2d 92.

Appellant's ground No. 7, which asserts that the court improperly cumulated his sentence with the sentence imposed upon appellant in the same court in Cause No. 151,389, has been fully considered and found to be without merit.

In ground No. 8 the appellant contends that it was error to deny him the opportunity to question the State's witness Jack Dean as to an allegedly inconsistent statement he had made to a reporter. The statement concerned the value of property taken in a robbery which led to appellant's arrest when the assault upon the peace officer was committed. The State's objection to such question was sustained. In making his bill of exception the appellant's attorney questioned the witness as to such allegedly inconsistent statement and the witness denied having made it. No attempt was made to prove by the newspaper reporter that the inconsistent statement had in fact been made. The appellant claims that he was entitled to question Jack Dean in regard to the allegedly inconsistent statement so as to impeach his credibility.

Since the value of the property which appellant was accused of taking was in no way material to the charge being tried, but was purely collateral thereto, it was not proper to attempt impeachment by showing inconsistent statements with reference thereto. Fisbeck v. State, 166 Tex.

Cr.R. 105, 311 S.W.2d 865; McCormick & Ray, Texas Evidence, p. 535, § 690; Coons v. State, 152 Tex.Cr.R. 479, 215 S.W.2d 628; 62 Tex.Jur.2d, p. 156. Additionally, since the witness denied having made the inconsistent statement and no testimony was offered on the bill of exception that he had in fact made it, nothing is presented for review.

We find no reversible error. The judgment of the trial court is affirmed.

Opinion approved by the Court.