Marvin Joel FENTIS, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 57024, 57025.

Court of Criminal Appeals of Texas, Panel No. 2.

April 11, 1979.

Rehearing En Banc Denied July 18, 1979.

Robert M. Jones (court appointed on appeal only), Dallas, for appellant.

Henry M. Wade, Dist. Atty. and Maridell Templeton, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, ROBERTS and ODOM, JJ.

OPINION

DOUGLAS, Judge.

Appellant was convicted for the offenses of assault with intent to murder a police officer under the former Penal Code, Article 1160a, V.A.P.C. The jury assessed his punishment in each case at life.

Appellant challenges the sufficiency of the evidence and contends that the court erred in refusing to submit charges on lesser included offenses. We overrule these contentions and affirm.

The State's evidence is substantially the same as that in *Fentis v. State*, 528 S.W.2d 590 (Tex.Cr.App.1975), which was reversed (with one judge dissenting) because a question was asked if he was the Joel Fentis who was under indictment in Houston for killing a police officer. Shortly after midnight on March 4, 1973, Garland police officers Don M. Ashlock and James A. Bunch were patrolling in an unmarked police car when they observed appellant walking north on Robin Road at a fast pace with his hand in his pocket. Appellant continuously watched the police car over his right shoulder. The officers approached and stopped their vehicle. Appellant then turned and advanced toward the car. The officers got out of their car and Bunch yelled at appellant to take his hand out of his pocket. Appellant removed his hand, displayed a pistol and began firing at the officers. During the shooting, appellant and Officer Ashlock were wounded.

■ Officers Bunch and Ashlock testified that at the time of the incident they were in full uniform and within twenty-six feet of appellant. The area was lit by mercury vapor lights and several witnesses stated that there was sufficient light for an individual to readily identify police officers as such from a distance of more than twenty-six feet. The officers were outside of their car and their uniforms bore an American flag, a badge, name tag and brass buttons. Appellant did not testify or offer any witnesses.

Viewing the evidence in a light most favorable to the verdict, we hold that the evidence was sufficient to support the verdict.

Appellant contends that the trial court erred in refusing to submit a charge to the jury on the lesser included offenses assault with intent to commit murder with malice, assault with intent to commit murder without malice and aggravated assault on a police officer.

■ Assault with intent to murder is not a lesser included offense of assault upon a police officer with intent to murder. *Peterson v. State*, 508 S.W.2d 844 (Tex.Cr.App.1974); *Ellard v. State*, 507 S.W.2d 198 (Tex.Cr.App.1974); *Flores v. State*, 487 S.W.2d 122 (Tex.Cr.App.1972). In *Ellard v. State*, supra, we held that when an assault is made upon a police officer with a deadly weapon per se, "the intent to kill is presumed and it is not necessary to charge on aggravated assault or simple assault, even if they be considered lesser offenses."

Even if we were to hold that the requested charges covered lesser included offenses, no error would be shown because there was no evidence that appellant committed only a lesser included offense. See *McBrayer v. State*, 504 S.W.2d 445 (Tex.Cr.App.1974).

■ Here, the court's charge specifically provided that the jury must find that appellant knew the individuals were police officers before they could convict him. This was sufficient.

There is no reversible error. The judgments are affirmed.

ROBERTS, Judge, concurring.

The cases cited by the majority do not hold that assault with intent to murder without malice is not a lesser included offense of assault upon a police officer with intent to murder.

I concur in the result because there was no evidence raising the issue of the lesser included offense. See *Day v. State*, 532 S.W.2d 302, 306–308 (Tex.Cr.App.1975) for a discussion of the correct rule on giving instructions on lesser included offenses.