### L. M. Maxwell v. The State.

#### No. 1701. Decided April 10, 1912.

**Aggravated Assault—Means Used—Deadly Weapon—Variance.**

Where defendant was charged with committing aggravated assault with wire pliers, the same being a deadly weapon, and the evidence did not support the charge in the information that the defendant used wire pliers and whether the same was a deadly weapon, the variance was fatal.

Appeal from the County Court of Tarrant. Tried below before the Hon. R. E. Bratton.

Appeal from a conviction of aggravated assault; penalty, a fine of $25.

The opinion states the case.

*Parker & Hurley,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—The affidavit and information charge that appellant committed an aggravated assault upon E. S. Burns with "wire pliers," same being a "deadly weapon." The entire evidence in the record is from the witness Burns. This discloses that the witness was a conductor on the East Front Line, part of the traction company lines of Fort Worth, and he ordered the defendant from the car because he was using bad language on the car and that he would have to cut that out. Appellant said if the witness would stop the car he would get off. This was done. About an hour later they met at the end of the line near the car barns and as Burns

stepped off the rear of the car he was struck from behind by some one. Further testifying, he said: "I turned around and saw the defendant, we then clinched; I think I was assaulted with a pair of "connecters," but do not remember seeing any "wire pliers" in the possession of the defendant. I do remember seeing wire pliers taken off of one of the defendants, L. M. Maxwell, T. C. Maxwell or H. P. Coke after their arrest. I will not swear that I was struck with wire pliers at all; will not swear that I was struck with any kind of metal, it might have been a base ball bat or something like that. I don't know the length, breadth, or character of weapon that I was hit with, nor what material it was made of. After we clinched I drew my pistol and it was taken away from me by some one; defendant's brother attacked me from behind while I was fighting with defendant; I always carry a pistol on my person while I am at work on the street car; I did not begin the difficulty by drawing the pistol on defendant. I had several severe scalp wounds in my head and felt the blood running down from behind." This is the entire evidence in the record. The evidence does not show that Burns was struck with wire pliers as charged in the complaint and information and there is no evidence in the record with reference to whether the weapon was of a deadly character or not. On this question the evidence is absolutely silent. In this condition of the evidence the conviction was not authorized.

Therefore, the judgment is reversed and the cause remanded.

*Reversed and remanded.*