FRANK KEPPLER v. THE STATE.

No. 19418.   Delivered February 16, 1938.

The opinion states the case.

*Roy A. Scott,* of Corpus Christi, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—The offense is robbery by putting in fear of life, and the punishment assessed being five years in the penitentiary.

Appellant complains in his bill of exceptions No. 1 of proof of a certain conversation between one Leslie Craig and the appellant. The bill of exceptions fails to set out what the complained of conversation was, and we are unable to ascertain whether the same was objectionable or not. This bill is incomplete in no apprising us of what the conversation was, and is overruled.

Appellant's bill of exceptions No. 2 complains of the fact of the witness William Sloan being allowed to testify on behalf of the State that the appellant pointed a gun at witness at the scene of the alleged robbery, on the grounds of irrelevance and immateriality, and because it was not alleged that defendant was charged with robbery with firearms. It seems to us that all the acts of the appellant at the scene of the robbery were part of the transaction itself, and surely the presence of a gun at such scene could be used by the jury in determining whether or not the witness, who was the person charged to have been robbed, was put in fear of his life or bodily injury. Mr. Branch in his Annotated Penal Code, p. 1301, says: "Robbery by firearms is not a separate offense, but the use or exhibition of a firearm or deadly weapon in the commission of robbery, when alleged and proven, authorizes the infliction of a more severe penalty than when an ordinary robbery is alleged," citing many cases. In this instance the pleader elected not to ask for the more severe penalty, and we find no error reflected by such bill.

In bill of exceptions No. 3 appellant complains because the district attorney was allowed to exhibit a gun to the witness William Sloan, and ask him as to whether or not such gun could be identified by the witness. The witness testified that he "could not tell the caliber and make of the gun. The gun that he (appellant) pointed at me looks like the gun there. Looks like this gun that you showed me." The appellant objected to this testimony as a conclusion and prejudicial. In our opinion the objection might have gone to the weight rather than to the admissibility of the testimony, and we see no error in said bill. We have also considered appellant's bill of exceptions No. 4 and find no error therein.

Appellant complains in bill of exceptions No. 5 of the witness Earl Coker being allowed to testify relative to some coin wrappers in which it was claimed the stolen coins were wrapped at the time of their being taken, because of the fact that it was not shown that the witness stamped the said coins with a certain stamp, and because it was not shown that the witness wrapped said stolen money in such wrappers. We are unable to see any error in this matter. The witness merely testified to the occurrence of a fact at the time of the robbery, and it was not necessary that he be the actual person who placed the identifying stamp on the coin wrappers. Appellant's bill of exceptions No. 6 has also been considered by us, and same does not seem to have any merit therein. To the same effect is bill of exceptions No. 7.

In appellant's bill of exceptions No. 8 he complains of the fact that after his arrest appellant was taken out to a certain filling station, and there obtained and gave to the officers a certain money box in which it was claimed the money taken in the robbery was contained and which the person committing the robbery carried away with him from the scene.

It appears that the officers did not know of the location of said money box until they were shown such location by the appellant. Admittedly the appellant was under arrest at the time he made the statement and actually directed the officers to the place where the stolen money box was hidden, and further that such statement was not reduced to writing, and an objection was made thereto because of such fact, and the further fact that the appellant had not been warned as provided by law.

We think that the admissibility of this act upon his part is governed by the following provision of Art. 727, C. C. P., which relates to such confession: "Or, unless in connection with said confession, he makes statements of facts or circumstances that are found to be true, which conduce to establish his guilt, such as the finding of secreted or stolen property, or the instrument with which he states the offense was committed." We think by virtue of the statement made to the officers, and the production of the money box taken at the time of the robbery, that the action of the court permitting such testimony was free from error, and this bill of exceptions is overruled.

Appellant next complains in bill of exceptions No. 9 relative to a variance between the indictment and the proof in this cause in that the indictment alleges that the money was taken from William Sloan, and the proof in this cause shows that William Sloan was not the manager and in no way exercised control over the money alleged to have been taken.

This statement in said bill of exceptions is not borne out by the record. The record shows that William Sloan and Earl Coker were in joint control and possession of such property, and the allegation of ownership and possession could have been made in the name of either one of said parties. Mr. Branch in his Annotated P. C. says:

"Where property is owned, either as general or special owners, in common or jointly by two or more persons, the ownership may be alleged to be in all or either of them," citing a long list of cases.

What we have just said relative to appellant's bill of exceptions No. 9 also applies to his bill of exceptions No. 10, which

relates to the charge of the court laying down the above quoted proposition of law.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*