RICHARD HARDRICK V. THE STATE.

No. 21704. Delivered October 29, 1941.

The opinion states the case.

*John M. Barron, Jr.,* and *Arthur Stewart,* both of Bryan, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for the offense of assault with intent to murder. The punishment assessed is confinement in the State penitentiary for a term of four years.

Appellant brings forward a number of complaints which he claims show that reversible error was committed by the trial court.

The first complaint presented by appellant is that the court erred in declining to instruct a verdict of not guilty at the conclusion of the evidenec on the ground of variance between the allegations in the indictment and the proof. We believe there is some merit in the appellant's contention.

Omitting the formal parts, the indictment reads as follows:

"That on or about the 21st day of December, A. D., 1940, and anterior to the presentment of this Indictment, in the County and State aforesaid, Richard Hardrick, did, then and there unlawfully, with malice aforethought, strike, wound and bruise Carrie Richardson with a gun with intent then and there to murder the said Carrie Richardson, etc."

The State's evidence clearly shows that appellant did not strike the injured party with a gun but with the stock of a single-barrel .410 gauge shotgun. The uncontradicted evidence shows that the stock had been broken from the barrel of the gun, and this was used by appellant in striking the injured party one blow, thereby inflicting a scalp wound upon her. This stock was equivalent to a piece of wood.

In the case of Arbetter v. State, 79 Tex. Cr. R. 487, this court, speaking through Judge Davidson, quoted from Branch's Ann. Tex. P. C., page 936, sec. 1589, as follows:

"If the indictment, information or complaint alleges the means by which the assault was committed, such allegation, whether necessary or unnecessary, being descriptive, must be substantially proved as alleged. Under an indictment charging murder, assault to murder, aggravated or simple assault, which alleges the means, a conviction will not be sustained even for simple assault unless the means alleged is substantially proved."

In addition to the case hereinabove mentioned, we deem it proper to here refer to Branch's Ann. Tex. P. C., (p. 936, sec. 1589), where a great number of cases on the subject are collated. In the instant case, the indictment charged that appellant did "strike, wound and bruise" the injured party with a "gun," but the evidence excludes this. It shows that he struck and wounded her with the stock of a gun. Wherefore, the court should have given appellant's requested instruction to the jury.

Appellant also challenges the sufficiency of the evidence to justify and sustain his conviction of the offense charged. We do not deem it necessary at this time to discuss this question but simply to say that we entertain serious doubt as to its sufficiency.

The argument complained of in Bill of Exception No. 1 was an infraction of the mandatory provisions of Article 710, C. C. P. The bill shows that the appellant did not testify upon the trial of his case; that the District Attorney in his closing argument commented thereon and alluded to the failure of the appellant to take the witness-stand and show any excuse or justification for his act. This was clearly a violation of the article above referred to and requires a reversal of the judgment.

For the reasons stated the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.