## J. A. (JIM) HOLLOWAY v. STATE.

No. 30,614. May 20, 1959.
State's Motion for Rehearing Overruled June 24, 1959.

*Donald & Donald,* Bowie, for appellant.

*Earl C. Fitts,* County Attorney, Montague, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The indictment charged that appellant, *with a knife,* did make an assault upon T. C. Barrett with intent to murder him.

The jury acquitted appellant of assault with intent to murder, but found him guilty of aggravated assault, and assessed his punishment at 6 months in jail and a fine of $1000.

The difficulty facing the state is that the conviction does not rest upon a finding by the jury that appellant made an assault upon T. C. Barrett with a knife (Art. 1147(10) V.A.P.C.); or a finding that serious bodily injuries were inflicted upon T. C. Barrett by the assault (Art. 1147(6) V.A.P.C.); but upon a finding that the assault was made with a deadly weapon (Art. 1147(7) V.A.P.C.). Had the jury been authorized by the court's charge to convict of aggravated assault under Art. 1147 V. A. P.C. (6) or (10) the judgment might well be upheld.

Having alleged that the assault was made with a knife, a conviction upon the theory of an assault with a deadly weapon other than a knife would constitute a variance. See Branch's Ann. P.C. 2d Ed., Sec. 1755; Arbetter v. State, 79 Texas Cr. Rep. 487, 186 S.W. 769; Mansfield v. State, 63 S.W. 630.

Nowhere in the court's charge was the jury required to find that the assault was committed with a knife, as charged in the indictment.

Conviction for aggravated assault was authorized upon a finding by the jury that the assault was made "with a deadly weapon as that term is herein defined." A deadly weapon was defined as one which in the manner of its use is calculated to produce death or serious bodily injury.

Appellant denied that he used a knife in his encounter with Barrett, or that he inflicted the slash wound across Barrett's abdomen. Appellant testified that the only instrument or weapon he had which would cut was a can opener.

There was testimony by the state's witnesses that appellant inflicted the slash wound on Barrett with a knife having a blade 2½ or 3 inches in length.

Whether the jury found that the can opener was a deadly weapon or found that the assault was made with the knife described by the state's witnesses cannot be ascertained from the verdict in the light of the court's charge.

Appellant's exception to the charge correctly pointed out that in view of the allegations of the indictment, in order to convict, the jury would be required to find beyond a reasonable doubt that a knife was used in making the assault. Without such a finding the conviction under the indictment herein cannot be affirmed.

The judgment is reversed and the cause remanded.