Richard Aldon BURRELL, Appellant,

v.

The STATE of Texas, Appellee.

No. 49128.

Court of Criminal Appeals of Texas.

June 11, 1975.

Rehearing Denied Sept. 23, 1975.

**800**

Charles W. Tessmer and Ronald L. Goranson, Dallas, on appeal only, for appellant.

Henry Wade, Dist. Atty., W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal is taken from a conviction for assault with intent to murder a peace officer, wherein the punishment was assessed by the court at forty-five (45) years following a verdict of guilty.

The appellant Burrell and his co-defendant Chambless were both indicted for robbery by assault and assault to murder a peace officer. In a joint trial they were both convicted of robbery and the appellant was convicted of assault to murder a peace officer, but co-defendant Chambless was acquitted of this latter offense. The facts involving these offenses were set forth in the appeals from the robbery convictions. See Per Curiam opinion in *Chambless and Burrell v. State* 525 S.W.2d 193 (Tex.Cr.App.1975), wherein the convictions were affirmed.

Appellant Burrell complains, concerning his conviction for assault with intent to murder a peace officer, that the trial court erred in permitting the State to amend the indictment in the cause after the trial had commenced.

The record reflects that the trial of the four cases involved commenced on June 25, 1973. The jury was selected and empaneled, the indictments were read to the jury, pleas of not guilty were entered in each case, and the presentation of testimony began. The next day, June 26, the State's motion to amend the indictment in appellant Burrell's assault to murder case was granted by the court.

Prior to amendment, the indictment, omitting the formal parts, alleged that Burrell ". . . did unlawfully, voluntarily *and with his malice aforethought*, make an assault in and upon the person of J. P. Huckabay, hereinafter styled 'Injured Party', with the intent to kill said 'Injured Party' *by shooting him with a gun*, and said 'Injured Party', then and there being an officer, to-wit, a police officer of the City of Balch Springs, Texas, who was then and there engaging in the performance of his official duty and the said Defendant then and there knowing that the said 'Injured Party' was such police officer . . . .'" (Emphasis Supplied)

The amendment of the indictment permitted by the court on the second day of trial struck or deleted from the indictment the words "and with his malice aforethought" and "by shooting him with a gun." No objection was made to the amendment or the deleted words. No claim of variance between the proof and the deleted allegations is advanced. The court's charge did not require that the jury find the assault was committed "with malice aforethought" or "by shooting him with a gun."

Appellant relies upon Article 28.10, Vernon's Ann.C.C.P., which provides:

"Any matter of form in an indictment or information may be amended at any time before an announcement of ready for trial upon the merits by both parties, but not afterward. *No matter of substance can be amended.*" (Emphasis Supplied)

At the time of the indictment and the time of trial, Article 1160, Vernon's Ann. P.C., provided:

"Section 1. If any person shall assault another with intent to murder, he shall be confined in the penitentiary for not less than two (2) nor more than twenty-five (25) years, provided that if the jury finds that the assault was committed without malice, the penalty assessed shall be not less than one nor more than three (3) years confinement in the penitentiary; and provided further that in cases where the jury finds such assault was committed without malice but was made with a Bowie knife or dagger as those terms are defined by law, or with any kind or type of a knife, or in disguise, or by laying in wait, or by shooting into a private residence, the penalty shall be doubled.

"Sec. 2. Upon the trial of any person for assault with intent to murder, the Court, in its charge to the jury, shall define malice aforethought and in a proper case murder without malice, and instruct the jury touching the application of the law to the facts."

At the same time, Article 1160a, Vernon's Ann.P.C., provided:

"Section 1. In this Act, 'peace officer' means any person defined as a peace officer by Article 2.12, Code of Criminal Procedure, 1965.

"Sec. 2. A person who assaults a peace officer with intent to murder while said officer is in performance of his official duty, knowing that the person assaulted is a peace officer, is guilty of a felony and upon conviction is punishable by imprisonment in the penitentiary for life or for any term of years not less than two."

Appellant argues that the indictment returned by the grand jury in effect charged two offenses; that is, assault to murder with malice pursuant to Article 1160, supra, and assault to murder a peace officer pursuant to Article 1160a, supra. The punishment under each statute is different, the maximum under Article 1160, supra, being twenty-five (25) years if malice is alleged and proven, and the maximum under Article 1160a, supra, being any number of years. While malice is a necessary allegation under Article 1160, supra, if the punishment is in excess of three (3) years, *Crowley v. State*, 150 Tex.Cr.R. 114, 199 S.W.2d 526 (1947), malice need not be alleged in an indictment under Article 1160a, supra, as it is not an element of the offense of assault to murder a peace officer. *Flores v. State*, 487 S.W.2d 122 (Tex.Cr.App.1972). Further, while the means used to commit either offense need not be alleged, see *Welcome v. State*, 438 S.W.2d 99 (Tex.Cr.App. 1969); *Bustillos v. State*, 464 S.W.2d 118 (Tex.Cr.App.1971); *Johnson v. State*, 384 S.W.2d 885 (Tex.Cr.App.1964), it is established that once alleged it has to be proven. *Holloway v. State*, 168 Tex.Cr.R. 264, 324 S.W.2d 886 (1959); *Johnson v. State, supra* ; 1 Branch's Ann.P.C., 2d ed., Sec. 518, p. 497 (1956).

It appears from reading the one count indictment as returned by the grand jury that it was in that form duplicitous.[1] Although there was no objection on this basis at trial and he is precluded from raising it for the first time on appeal,[2] appellant contends that since one cannot tell which offense the grand jury intended to charge, and which allegations were the unnecessary ones,[3] the appellant was harmed

---

1. "Duplicity is the joinder of two or more distinct offenses in the same count, or the joinder in the same count of two or more phases of the same offense where the punishment is different." 30 Tex.Jur.2d, Indictment and Information, Sec. 40, p. 605.

2. 5 Tex.Jur.2d, Appeal and Error—Criminal Cases, Sec. 30, p. 52; 30 Tex.Jur.2d, Indictment and Information, Sec. 40, p. 606.

3. If the allegations as to the injured party being a peace officer in the performance of his official duty and that the accused knew he was a peace officer had been stricken, the indictment would have clearly charged assault with intent to murder with malice aforethought.

by the amendment of substance of the indictment, decreasing the burden of proof upon the State and increasing the penalty by twenty (20) years in excess of that provided in Article 1160, supra. He observes that he received forty-five (45) years as punishment.

An amendment of an indictment may be made as to form *if timely made* before the announcement of ready by both parties, Article 28.10 *supra; Roberts v. State*, 489 S.W.2d 113 (Tex.Cr.App.1972). See also *Craig v. State*, 480 S.W.2d 680 (Tex.Cr.App.1972). After trial commences the indictment should not be amended as to form or substance. *Jackson v. State*, 419 S.W.2d 370 (Tex.Cr.App.1967). Appellant contends, however, that the amendment in the instant case involved a matter of substance.

We must first determine if appellant may now raise the question since he failed to object at the time the indictment was amended.

In the early case of *Calvin v. Texas*, 25 Tex. 789 (1860), where an allegation of ownership was stricken by agreement between the district attorney and defense counsel, the court noted the amendment involved substance and that neither counsel nor the district attorney and the prisoner, nor the trial court could materially alter the indictment in light of the statute (a forerunner of Article 28.10, Vernon's Ann.C.C.P. containing the same wording). See also *Schenk v. State*, 76 Tex.Cr.R. 235, 174 S.W. 357 (1915).

*Jeters v. State*, 128 Tex.Cr.R. 379, 82 S.W.2d 150 (1935), also made clear that an amendment as to the substance of the indictment cannot be made even if the parties consent. *Morman v. State*, 127 Tex.Cr.R. 264, 75 S.W.2d 886 (1934), noted that an indictment cannot be *legally* amended as to substance, and *Rutherford v. State*, 74 Tex. Cr.R. 617, 169 S.W. 1157 (1914), held that an indictment amended as to substance will not support a conviction. See *Calvin v. Texas*, supra; *Edwards v. State*, 10 Tex. App. 25 (1881). *Hamilton v. State*, 65 Tex.

Cr.R. 508, 145 S.W. 348 (1912), observed that an exception to an amendment of an indictment as to substance could be made at any time. See also *Jackson v. State*, 419 S.W.2d 370 (Tex.Cr.App.1967); *Clopton v. State*, 408 S.W.2d 112 (Tex.Cr.App.1966).

Thus, it appears that appellant is not foreclosed from his failure to object at trial if the amendment does indeed involve a matter of substance. This is the next question to be determined.

It is well settled that "[a]llegations not essential to constitute the offense, and which might be entirely omitted without affecting the charge against the defendant, and without detriment to the indictment are treated as mere surplusage, and may be entirely disregarded." 1 Branch's Ann.P.C., 2d ed., Sec. 517, p. 497 (1956). Stated another way, it may be said that if not descriptive of that which is legally essential to the validity of the indictment, information or complaint, unnecessary words or allegations may be rejected as surplusage.

In *Collins v. State*, 500 S.W.2d 168 (Tex. Cr.App.1973), this court said:

"When not descriptive of that which is legally essential to the validity of an indictment or information, unnecessary words may be rejected as surplusage." See also *Cohen v. State*, 479 S.W.2d 950 (Tex.Cr.App.1972); *Malazzo v. State*, 165 Tex.Cr.R. 441, 308 S.W.2d 29 (1957).

There is, however, a well recognized exception to the general rule discussed above, and that is where the unnecessary matter is descriptive of that which is legally essential to charge a crime it must be proven as alleged, even though needlessly stated. See 13 Texas Law Review 489 (note); 1 Branch's Ann.P.C., 2d ed., Sec. 518, pp. 491–498, and cases there cited.

It is well established that where a person, place or thing necessary to be mentioned in the indictment is described with unnecessary particularity, all circumstances of description must be proven, *Smith v.*

*State*, 107 Tex.Cr.R. 511, 298 S.W. 286 (1927), and cannot be rejected as surplusage, for they are thus made essential to the identity. *Maples v. State*, 124 Tex.Cr.R. 478, 63 S.W.2d 855 (1933). Thus, if the pleader makes unnecessary allegations descriptive of the identity of the offense charged, it is incumbent upon the State to establish such allegations by evidence. *McClure v. State*, 163 Tex.Cr.R. 650, 296 S.W.2d 263 (1956).

A review of the cases decided over the years reflects that the word "descriptive" has not always been limited to situations where the matter modifies a noun adjectively but suggests that the word has been synonymous with "explanatory." 13 Texas Law Review 489, 497 (note).

Taking then the law governing the exception that any matter descriptive or explanatory of that which is legally essential to constitute the offense cannot be treated as surplusage, we turn to some of the cases.

In *Wade v. State*, 52 Tex.Cr.R. 619, 108 S.W. 677 (1908), the indictment was amended by deleting the certain dates upon which a court order was published which created the local option law, which appellant allegedly violated. In reversing, the court stated:

". . . the state having specified this particular election and the publication in the newspaper under it, the state would be confined to said election; and, having alleged it in the indictment, it became a matter of substance, descriptive in its nature, and could not be altered or changed by the court. Otherwise we would have what purports to be an indictment different entirely from that actually preferred by the grand jury, and which would constitute it no indictment at all. . . ."

In *McDonald v. State*, 138 Tex.Cr.R. 610, 137 S.W.2d 1046 (1940), a conviction was reversed because the State was allowed to amend the information in an aggravated assault with a motor vehicle case by striking the word "gross" before the word "neg-ligence" in the indictment, thus decreasing the State's burden of proof from gross negligence to ordinary negligence. On State's motion for rehearing, which was denied, the court wrote:

"It may be true that the word 'gross' stricken out by the state was merely surplusage; yet it was an alteration of the affidavit and information in substance and this the law will not tolerate. . . ."

As to what generally constitutes a matter of form or matter of substance, see 30 Tex.Jur.2d, Indictment and Information, Sec. 56, p. 635.

■ In *Cowan v. State*, 41 Tex.Cr.R. 617, 56 S.W. 751 (1900), it was held that where an indictment particularly describes the means used, such descriptive averments are part of the indictment and not surplusage. See also *Robinson v. State*, 60 Tex.Cr.R. 592, 132 S.W. 944 (1910). And an allegation of the means by which an assault was committed, though unnecessary, must be proven substantially as alleged. *Arbetter v. State*, 79 Tex.Cr.R. 487, 186 S.W. 769 (1916). See also *McGee v. State*, 5 Tex.App. 492 (1879); *Maxwell v. State*, 66 Tex.Cr.R. 258, 145 S.W. 1190 (1912).

In *Johnson v. State*, 384 S.W.2d 885 (Tex. Cr.App.1964), it was held that an indictment for assault with intent to murder need not allege means used or manner of use, but where the words "shoot at" were used in the indictment, such use did not vitiate the indictment, but the State had the burden of proving that allegation. See and compare *Hardrick v. State*, 142 Tex. Cr.R. 520, 155 S.W.2d 367 (1941); *Holloway v. State*, 168 Tex.Cr.R. 264, 324 S.W.2d 886 (1959).

■ In the instant case it was legally essential to charge the offense of assault to murder a peace officer to allege that an assault occurred and it was with intent to murder. In doing so, the grand jury alleged that the assault with intent to murder a peace officer was committed "with his

malice aforethought"[4] and "by shooting him with a gun." These were not in and of themselves essential allegations, but as alleged were descriptive and explanatory of the assault and the intent.

We therefore conclude that the allegations of "by shooting him with a gun" and "and with his malice aforethought," although unnecessary allegations under Article 1160a, supra, were descriptive of the offense, and their deletion from the indictment was an amendment of substance, for which reason the conviction for assault to murder a peace officer must be reversed.

To the extent of any conflict, we overrule *Ellard v. State*, 507 S.W.2d 198 (Tex.Cr. App.1974), and *Renn v. State*, 495 S.W.2d 922 (Tex.Cr.App.1973).[5]

The State does argue that in a robbery by assault with a firearm case the prosecution may abandon during trial the portion of the indictment alleging the use or exhibition of a firearm. See, e. g., *Johnson v. State*, 436 S.W.2d 906 (Tex.Cr.App.1968); *Yeagin v. State*, 400 S.W.2d 914 (Tex.Cr.App.1966); 5 Branch's Ann.P.C., 2d ed., Sec. 2570, p. 16.

Arguing by analogy, the State contends this rule should control the instant case. The analogy is inapposite, however, for the allegation of the use of a firearm is not a separate offense, but authorizes the infliction of a more severe penalty than when ordinary robbery is alleged. *Green v. State*, 66 Tex.Cr.R. 446, 147 S.W. 593 (1912); *Keppler v. State*, 133 Tex.Cr.R. 623, 113 S.W.2d 900 (1938). The deletion of the firearm allegation in a robbery case is similar to deleting the enhancement paragraphs in a prosecution under former Articles 62 and 63, Vernon's Ann.P.C., 1925, since only the punishment is changed.

In *Rodriguez v. State*, 449 S.W.2d 469 (Tex.Cr.App.1970), it was held that the dismissal of the enhancement portion of an indictment is not an amendment or alteration of the indictment as to a matter of substance.

And in *Leonard v. State*, 481 S.W.2d 117 (Tex.Cr.App.1972), this court expressly held that the granting of the State's motion to dismiss the firearm portion of a robbery by assault indictment was not the amendment of the substance of the indictment.

4. "'Malice aforethought' is the voluntary and intentional doing of an unlawful act by one of sound memory and discretion with the purpose, means, and ability to accomplish the reasonable and probable consequences of the act. It includes all the states of mind under which the killing of a person takes place without any cause which will in law justify, excuse, or extenuate the homicide. It is a condition of the mind which shows a heart regardless of social duty and fatally bent on mischief, the existence of which may be inferred from act and words, if any." See 4 Branch's Ann.P.C., 2d ed., Sec. 2194.4, p. 550.

5. *Ellard* did not involve a formal amendment of the indictment so as to raise any question of a violation of Article 28.10, Vernon's Ann. C.C.P. The indictment there charged the assault to murder a police officer was "with malice aforethought." The trial court did not charge upon or require a finding of malice aforethought and *Ellard* held the phrase was to be considered surplusage. The opinion stated, "Therefore, the words 'with malice aforethought' in the indictment are not descriptive of the offense and may be regarded as surplusage. *Flores v. State*, supra (487 S.W.2d 122)." This statement is misleading, for *Flores* did not so hold. In *Flores*, the defendant on appeal complained his motion to quash the indictment should have been granted since the indictment failed to allege the assault to murder a police officer was with malice aforethought. Rejecting this contention, this court held malice aforethought was not an essential element of the offense denounced by Article 1160a, Vernon's Ann.P.C., and need not be alleged in the indictment. *Flores* did not hold as indicated in *Ellard* that if alleged the phrase "with malice aforethought" was not descriptive of the offense and could be regarded as surplusage.

*Renn* was reversed on motion for rehearing. The original opinion, involving a casting of contempt upon the United States flag prosecution, held that the court did not err in striking from the indictment "by words and" since *Delorme v. State*, 488 S.W.2d 808 (Tex.Cr.App.1973), had construed the statute as being constitutional by striking the words "by words and" from the statute. However, no consideration was given in *Renn* as to whether the words stricken were descriptive of the offense, regardless of the *Delorme* opinion.

For the reasons stated, the judgment is reversed and remanded.

MORRISON, Judge (concurring).

I agree only with that portion of my Brother Onion's opinion in which he holds that the deletion of the phrase "by shooting him with a gun" constituted an authorized amendment to the indictment in violation of Article 28.10, V.A.C.C.P. Cf. *Johnson v. State*, Tex.Cr.App., 384 S.W.2d 885.

I concur in the reversal of this conviction.

DOUGLAS, Judge (dissenting).

One of the reasons given by the majority to reverse this conviction is that the court allowed the deletion from the indictment the words "and with his malice aforethought" and apparently holds that these words are descriptive of the offense because they are explanatory. In doing so, the majority holds contrary to *Ellard v. State*, 507 S.W.2d 198 (Tex.Cr.App.1974). Ellard was convicted for an assault with intent to murder a peace officer. The indictment charged that the assault was made "with malice aforethought". Although charged in the indictment, malice aforethought was not submitted to the jury in the court's charge. The Court wrote:

". . . That the assault was committed with malice aforethought is not an element of the offense. *Flores v. State*, Tex.Cr.App., 487 S.W.2d 122. Neither does the presence of malice affect the punishment which may be assessed for the offense. Therefore, the words 'with malice aforethought' in the indictment are not descriptive of the offense and may be regarded as surplusage. *Flores v. State*, supra. That being true, it was not necessary that the court charge upon, or the jury find, malice."

That was a good rule a year ago by a unanimous Court, but it is not a good rule today.

It has always been the understanding of the writer that when something is descriptive of the offense it must be proved as alleged. Otherwise, the evidence is insufficient to support the conviction under the indictment.

The distinction of *Ellard* by the majority in Footnote 5 is a distinction without a difference because in that case the court did not charge that the jury must believe the offense was committed "with malice aforethought" surplusage. If it were a descriptive averment it had to be proved as alleged. *Johnson v. State*, 384 S.W.2d 885 (Tex.Cr.App.1964), cited by the majority, held that "shoot at" in the indictment did not vitiate the indictment but the State had the burden of proving that allegation.

The majority apparently holds that malice aforethought is a means of committing the offense. It is not explained how this is a means of committing the offense. It appears that malice aforethought is a state of mind and if proof shows a less culpable state of mind, a trial court submits a lesser included offense charge to the jury. See *Thompson v. State*, 521 S.W.2d 621 (Tex.Cr. App.1974). The majority cites no case where "malice aforethought" has been held to be a descriptive averment.

In *Johnson v. State*, 169 Tex.Cr.R. 612, 336 S.W.2d 175 (1960), the defendant was charged with killing the deceased by (1) strangling him with his hands, (2) and by suffocating him by squeezing his chest with his arms and hands, (3) and by suffocating him by placing him inside a refrigerator and closing the door, sealing him inside of said refrigerator, and (4) and by some means or manner of instruments and weapons to the grand jury unknown through mistake or accident while intending to commit the offense of sodomy, (5) and while in the act of preparing for or executing the offense of sodomy. Of the five means of committing the offense alleged in the indictment, three and a part of a fourth were submitted to the jury. The jury found Johnson guilty without specifying upon which ground he was found guilty. All of these were means of committing the offense. The court permitted the jury to find

him guilty if he killed by either means. They evidently were not descriptive averments.

If an indictment alleges receiving and concealing stolen property, one may be deleted by amendment or the matter may be submitted to the jury to convict if the accused received *or* concealed stolen property. Either may be proved. It is not necessary to prove both.

Does the majority opinion now mean that if malice aforethought has been alleged there cannot be a conviction for murder without malice or a conviction for aggravated assault under an indictment? Cf. *Thompson v. State, supra.*

If malice aforethought is alleged in an indictment alleging a crime prior to the adoption of the new Penal Code, does it have to be proved before punishment can be assessed under the new Code?

The majority opinion states that the prosecution may dismiss a portion of the indictment in a robbery case which states that the robbery was committed with firearms because the firearm allegation only goes to penalty. It has been held in many cases that there is only one offense of murder and the question of malice relates only to the penalty and not a part of the offense. *Lopez v. State,* 162 Tex.Cr.R. 454, 286 S.W.2d 424 (1956). See also *Brazile v. State,* 497 S.W.2d 302 (Tex.Cr.App.1973).

In *Bradley v. State,* 456 S.W.2d 923 (Tex. Cr.App.1970), the indictment alleged robbery by assault with a firearm, a capital felony, and in the second and third paragraphs of the indictment two prior non-capital felony convictions were alleged for enhancement. The capital felony alleged could not be used for enhancement with non-capital felony convictions. The State was permitted to waive the capital feature of the first portion of the indictment alleging the use of a firearm. When this was done the State was permitted to use the non-capital feature of robbery by assault with the two prior convictions for non-capital cases for enhancement under Article 63,

V.A.P.C. Life would not have been the only punishment under the indictment had not the indictment been amended. The Court held that reversible error was not reflected even though the procedure utilized was not commended.

In view of this Court's holding in *Ellard v. State, supra,* that "with malice aforethought" is surplusage, I would follow that holding.

The majority opinion holds that the allegation "by shooting him with a gun" was a descriptive averment but notes that there is no question about the proof. The evidence shows that appellant shot the injured party with a gun. Assuming it was error to permit the deletion of that part of the indictment and that such was a descriptive averment, the allegation was proved.

If the judge had left the indictment as originally presented, he could have submitted the charge to the jury omitting the allegations in question and no harm would be shown. See *Johnson v. State,* 169 Tex. Cr.R. 612, 336 S.W.2d 175 (1960).

No complaint was made to deletions in the indictment. No contention is made that all of the allegations in the indictment as originally presented were not proved. See *Blaylock v. State,* 161 Tex.Cr.R. 346, 276 S.W.2d 835 (1955).

The judgment should be affirmed.