MARY'S OPINION HEADING 



 NO. 12-02-00112-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


BRACKSTON HEATH WILSON,
§
 APPEAL FROM THE 

APPELLANT


V.
§
 COUNTY COURT AT LAW #3


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS

 

MEMORANDUM OPINION


 A jury convicted Appellant of causing bodily injury to another, a Class A misdemeanor. The
trial court assessed his punishment at confinement in the county jail for 150 days. Appellant presents
three issues on appeal, all relating to the sufficiency of the evidence. We modify the judgment and
affirm as modified.


Background


 The information charged that Appellant "did intentionally, knowingly, and recklessly cause
bodily injury to Tammy Hutchins, a family member. . . ." The State's evidence showed that
Appellant had pushed the victim down, hit her several times with his closed fist, and stomped on her
back. The evidence, however, conclusively established that Tammy Hutchins was not a member of
Appellant's family. At the close of the State's evidence, Appellant moved for a directed verdict
contending that the State had failed to prove the allegations in the information. The court overruled
Appellant's motion, and submitted a jury charge omitting the allegation that Tammy Hutchins was
a member of Appellant's family.


Standard of Review


 In three issues, Appellant contends that the evidence is legally and factually insufficient to
support his conviction. (1) The standard for reviewing a legal sufficiency challenge is whether, viewing
the evidence in the light most favorable to the jury's verdict, any rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443
U.S. 307, 315-16, 99 S. Ct. 2781, 2786-87, 61 L. Ed. 2d 560 (1979); see also Johnson v. State, 871
S.W.2d 183, 186 (Tex. Crim. App. 1993). In conducting a factual sufficiency review, the appellate
court considers all the evidence "without the prism of 'in the light most favorable to the
prosecution'" and sets aside the verdict only if it is so contrary to the overwhelming weight of the
evidence as to be clearly wrong and unjust. Clewis v. State, 922 S.W.2d 126, 134-35 (Tex. Crim.
App. 1996). In a criminal case, the sufficiency of the evidence is determined by the elements of the
crime as defined by the hypothetically correct jury charge. Malik v. State, 953 S.W.2d 234, 240
(Tex. Crim. App. 1997).


Discussion


 Both the State and Appellant agree that the State unnecessarily alleged that Tammy Hutchins
was a member of Appellant's family. Article 22.01 of the Texas Penal Code does not require that
the victim be identified as a "family member." Article 22.01 does provide for the enhancement of
the offense to a felony should the actor be convicted of domestic assault a second time. Tex. Code
Crim. Proc. Ann. art. 22.01(b)(2) (Vernon 2003). Appellant had not been convicted previously of
assault against members of his household. There is no provision in the statute for any additional
penalty upon the first conviction. Id.

 The State maintains the allegation in question is surplusage and should be disregarded. 
"Surplusage" is defined as "allegations not essential to constitute the offense, and which might be
entirely omitted without affecting the charge against the defendant, and without detriment to the
indictment." Burrell v. State, 526 S.W.2d 799, 802 (Tex. Crim. App. 1975). The State argues that
the allegation should be excluded from the hypothetically correct jury charge against which
evidentiary sufficiency must be weighed. See Malik, 953 S.W.2d at 240.

 Appellant claims the allegation was not surplusage because under a long recognized
exception to the surplusage rule, the State must prove all circumstances of the description when a
person, place, or thing necessary to be mentioned in the indictment is described with unnecessary
particularity. Burrell, 526 S.W.2d at 802. Appellant stresses that a hypothetically correct jury
charge is one authorized by the indictment and must necessarily include every allegation the State
must prove. He argues that, measured against such a charge, the evidence is legally and factually
insufficient.

 Two of the cases relied upon by Appellant illustrate the application of the special or Burrell
exception to the surplusage rule. In Cohen v. State, 479 S.W.2d 950 (Tex. Crim. App. 1972), the
State alleged a particular block in which Cohen illegally transported fireworks within the city limits. 
The court reversed the conviction holding that the street address was not surplusage and that the
State was required to prove the exact address. In Blevins v. State, 672 S.W.2d 828 (Tex.
App.-Corpus Christi 1984, no writ), the appellant was charged with killing a "wild white tail deer"
during the closed season. The evidence amply proved that the appellant killed a wild deer out of
season, but it did not establish that the particular deer had a white tail. The court reversed the
deerslayer's conviction and entered an acquittal.

 In Malik, the court of criminal appeals held that the sufficiency of the evidence should be
measured against a hypothetically correct jury charge. Malik describes a hypothetically correct jury
charge as follows:


 Such a charge would be one that accurately sets out the law, is authorized by the indictment, does not
unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of
liability, and adequately describes the particular offense for which the defendant was tried. . . .



Malik, 953 S.W.2d at 240. Malik involved a variance between the allegations in the jury charge and
the evidence at trial. The case at bar involves a variance between the charging instrument and the
proof. However, the court of criminal appeals has interpreted Malik to control sufficiency of the
evidence analysis even in the absence of jury charge error. See Gollihar v. State, 46 S.W.3d 243,
255 (Tex. Crim. App. 2001). 

 The Gollihar court further refined the definition of a hypothetically correct jury charge
holding that "a hypothetically correct jury charge need not incorporate allegations that give rise to
immaterial variances." Id. at 256. Only a material variance will render the evidence insufficient. 
Noting the conflict between the two lines of cases establishing the surplusage doctrine and the
material or fatal variance doctrine, the court of criminal appeals overruled the surplusage rule as well
as its special (Burrell) exception, including the cases relied on by Appellant, but reaffirmed the fatal
variance doctrine. Therefore, the only question in the instant case is whether the variance is material
between the allegation in the information that Tammy Hutchins is a member of Appellant's family
and the proof at trial that she is not.

 In Gollihar, the court adopted the test for materiality applied by the Fifth Circuit in United
States v. Sprick: 


 A variance between the wording of an indictment and the evidence presented at trial is fatal only if "it
is material and prejudices the defendant's substantial rights." When reviewing such a variance, we
must determine whether the indictment, as written, informed the defendant of the charge against him
sufficiently to allow him to prepare an adequate defense at trial, and whether prosecution under the
deficiently drafted indictment would subject the defendant to the risk of being prosecuted later for the
same crime.



Gollihar, 46 S.W.3d at 257 (quoting United States v. Sprick, 233 F.3d 845, 853 (5th Cir. 2000)).

 In the instant case, the needless allegation did not mislead the Appellant. His defense did not
depend on whether or not the victim was a family member. His defensive theory at trial was that he
believed his use of force was immediately necessary to protect a third person against Tammy
Hutchins. This theory was not affected by the allegation that Hutchins was a family member. Nor
do we perceive any risk to Appellant of being prosecuted again for the same assault on Tammy
Hutchins. The variance was immaterial. Appellant's issues one, two, and three are overruled.


Conclusion


 Measured against a hypothetically correct jury charge omitting the immaterial allegation, the
evidence is both legally and factually sufficient to support Appellant's conviction. We observe that
although the jury convicted Appellant of assault causing bodily injury, the trial court's judgment and
sentence describe the offense as "assault causes bodily injury family member." The judgment and
sentence are modified to show the offense for which Appellant was convicted as "assault causing
bodily injury." The judgment is affirmed as modified.


 BILL BASS 

 Justice



Opinion delivered July 31, 2003.

Panel consisted of Worthen, C.J., DeVasto, J., and Bass, Retired Justice, Twelfth Court of Appeals, Tyler, sitting by
assignment.




























(PUBLISH)
1. In his first issue, Appellant contends that the trial court erred in denying his motion for a directed verdict.
A challenge to the trial court's ruling on a motion for directed verdict is in actuality a challenge to the sufficiency of
the evidence. Madden v. State, 799 S.W.2d 683, 686 (Tex. Crim. App. 1990).