Opinion filed July 13, 2006












 
 
  
 
 







 
 
  
 
 




Opinion filed July 13, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-05-00069-CR 

                                                     __________

 

                             IRA
EDWARD BOLYARD, JR., Appellant

                                                             V.

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 104th District Court

                                                          Taylor
County, Texas

                                                 Trial
Court Cause No. 15,108-B

 



 

                                                                   O
P I N I O N

 

Ira Edward Bolyard, Jr. appeals his conviction by
a jury of the offense of burglary of a habitation.  The jury, finding an enhancement allegation
true, assessed his punishment at twenty-two years in the Texas Department of
Criminal Justice, Institutional Division and a fine of $2,500.  In addition to allegations that Bolyard
entered the complainant=s
home without her consent, the indictment alleged that he committed the felony
offense of criminal mischief by damaging and destroying her personal property:

[T]o-wit:
a 2003 FORD PICKUP TRUCK AND A WATERBED by pouring paint on the 2003 Ford
Pickup Truck, cutting the waterbed with an object or objects unknown and did
thereby cause pecuniary loss in the amount of fifteen hundred dollars
($1500.00) or more but less than twenty thousand dollars ($20,000.00).

 








The evidence at trial showed that the damage to the pickup and
waterbed was less than $1,500, but that the damage Bolyard did to other
property as a result of his pouring paint on the pickup and cutting the
waterbed exceeded $1,500, falling within the amount alleged.  Alleging a variance between the indictment,
the charge, and the proof, Bolyard presents six points on appeal, contending
the following:  (1) that the evidence was
legally and factually insufficient to support his conviction; (2) that the
trial court erred in submitting a charge that varied from the language of the
indictment, thereby allowing the jury to convict based upon all of the damage
caused by Bolyard, not just the damage to the pickup and waterbed; and (3) that
the trial court erred by not including in its charge the lesser included
offense of criminal mischief.  We affirm.

We first consider Bolyard=s
assertion in points one, two, three, and four that the evidence is legally and
factually insufficient because of an alleged variance between the indictment
and the proof.  Generally, in reviewing
the legal sufficiency of the evidence, we must review all of the evidence in
the light most favorable to the verdict and determine whether any rational
trier of fact could have found the essential elements of the crime beyond a
reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979).  In this case, Bolyard makes no assertion that
there is no evidence of the essential elements of the offense for which he was
convicted, only that there is no evidence of the offense as it is alleged in the
indictment.  Since there was sufficient
evidence by which a rational trier of fact could have found the essential
elements of burglary of a habitation by Bolyard damaging property in the amount
necessary to support conviction, the evidence is legally sufficient under the Jackson
standard.

As noted, Bolyard contends that there is a
variance between the indictment and the proof because damage to the pickup and
waterbed mentioned in the indictment did not exceed $1,500.  However, the evidence does show that damage
to the garage resulting from Bolyard=s
pouring paint on the pickup and damage to the master bedroom caused by his
cutting the waterbed resulted in damage totaling more than $1,500.  The indictment refers to damage to the
complainant caused by Bolyard=s
pouring paint on the pickup and cutting the waterbed.  The indictment does not limit such damage to
the pickup and the waterbed themselves, and Bolyard presents no authority that
it does.  Consequently, we conclude that
there is no variance.  








In order to determine if the evidence is factually
sufficient, we must review all of the evidence in a neutral light and
determine whether the evidence supporting guilt is so weak that the
verdict is clearly wrong and manifestly unjust or whether the evidence contrary
to the verdict is so strong that the beyond-a-reasonable-doubt burden of proof
could not have been met. Zuniga v. State, 144 S.W.3d 477, 484-85 (Tex.
Crim. App. 2004).  Due deference must be
given to the jury=s
determination, particularly concerning the weight and credibility of the
evidence. Johnson v. State, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000).  This court has authority to disagree with the
fact-finder=s
determination Aonly when
the record clearly indicates such a step is necessary to arrest the
occurrence of a manifest injustice.@  Id. 
The evidence supporting the elements of the offense, considering only
evidence of damage caused by Bolyard=s
pouring paint on the pickup and cutting the waterbed in an amount over $1,500
and less than $20,000, is not weak. 
Bolyard does not refer us to any evidence that the damage that he caused
by his alleged actions was less than $1,500, only to evidence showing that the
total amount of damage to the pickup and waterbed themselves was less than
$1,500.  Therefore, there is no showing
that the evidence supporting the verdict is so weak that the verdict is clearly
wrong and manifestly unjust or that the evidence contrary to the verdict is so
strong that the beyond-a-reasonable-doubt burden of proof could not have been
met.  Bolyard merely repeats his variance
claim, and we have held that there is no variance.  We, therefore, hold that the evidence is
factually sufficient to support Bolyard=s
conviction.  Bolyard=s authorities are all based upon the
mistaken premise that there is a variance. 
We overrule Points of Error Nos. 1, 2, 3, and 4.

Bolyard insists in point five that the trial court
erred by not including in the court=s
charge the indictment=s
language with respect to the pickup and the waterbed, thereby allowing the jury
to consider damage done during the same burglary caused other than by his
actions as alleged.  Evidence was
presented without objection showing that Bolyard caused damage to the
complainant in addition to the damage caused by his pouring paint on the pickup
or cutting the waterbed.  In the charge
to the jury, the trial court did not limit the jury=s
consideration of damage exceeding $1,500 solely to the damage caused by Bolyard=s pouring paint on the pickup and
cutting the waterbed.  








We have noted that there is no variance between
the allegations of the indictment and the proof presented in support of the
indictment.  However, there is a variance
between the indictment and the court=s
charge to the jury, which included damages not caused by Bolyard=s pouring paint on the pickup or
cutting the waterbed.  A hypothetically
correct charge need not incorporate allegations that give rise to immaterial
variances.  Gollihar v. State, 46
S.W.3d 243, 256 (Tex. Crim. App. 2001). 
In determining whether a variance is material, we must determine whether
the indictment informed Bolyard of the charge against him sufficiently to allow
him to prepare an adequate defense at trial and whether prosecution under the
deficiently drafted indictment would subject him to the risk of being
prosecuted later for the same crime.  Id.
at 257.  

In variance law, the burden of demonstrating
surprise or prejudice rests with the defendant. 
Santana v. State, 59 S.W.3d 187, 194 (Tex. Crim. App. 2001).  Nothing in the record shows that Bolyard=s counsel was surprised at trial by the
State=s
presenting evidence of the amount of damage done to property in the complainant=s home other than that caused by his
pouring paint on the pickup or his cutting the waterbed or that, because of the
variance, he was not able to prepare a defense with respect to the amount of
damage done to the property not caused by his pouring paint on the pickup or
cutting the waterbed.  Also, we see no
possibility that the variance placed Bolyard at risk of double jeopardy.  Accordingly, we hold that Bolyard has not
established that the variance was a material one.  Consequently, we hold that the trial court
did not err in failing to limit the property damaged to that caused by Bolyard=s pouring paint on the pickup or
cutting the waterbed.

In arguing that it was necessary for the language
of the indictment to be included in the court=s
charge, Bolyard relies on the case of Curry v. State, 30 S.W.3d 394, 400
(Tex. Crim. App. 2000).  The reference to
Curry is to a review of the court=s
surplusage cases.  However, the court in Gollihar
subsequently held that it was reaffirming the fatal variance doctrine and
was overruling surplusage law and the Burrell[1]
exception.  Gollihar, 46 S.W.3d at
256.  We, therefore, decline to follow
surplusage law in our consideration of Bolyard=s
point on appeal.








Bolyard objected to the trial court=s failure to limit the damage to that
caused by his actions to which the indictment refers.  Consequently, if the trial court did err in
not limiting the charge as requested, we must reverse as long as the error is
not harmless.  Almanza v. State,
686 S.W.2d 157, 171 (Tex. Crim. App. 1985). 
We must consider the actual degree of harm in light of the entire jury
charge, the state of the evidence B
including the contested issues and weight of probative evidence, the argument
of counsel, and any other relevant information revealed by the record of the
trial as a whole.  Id.  There is undisputed evidence that Bolyard
caused damage to the complainant=s
property in excess of $1,500 but less than $20,000 by pouring paint on her
pickup and cutting her waterbed.  Neither
at trial nor on this appeal has Bolyard ever contended that he did not.  Instead, Bolyard relies only on the mistaken
assumption that the indictment alleged damage to the pickup and waterbed
themselves and did not include damage to other property caused by his actions
in damaging those two items. We hold that, given this state of the record, even
if the trial court had erred in its charge by including all of the damage done
by Bolyard to complainant=s
property, such error would have been harmless. 
We overrule point five.

Bolyard contends in point six that the trial court
erred by failing to give him a requested instruction on the lesser included
offense of criminal mischief.  Upon the
defendant=s
request, a lesser included offense instruction shall be included in the jury
charge if the requested charge is for a lesser included offense of the charged
offense and there is some evidence that, if the defendant is guilty, he is
guilty only of the lesser offense.  Guzman
v. State, 188 S.W.3d 185 (Tex. Crim. App. 
2006).  Bolyard argues that,
because the damage to the waterbed and pickup was less than $1,500, there was
evidence that the damage suffered by the complainant was in an amount less than
$1,500, even though there was no evidence that it was less when all damage
caused by Bolyard=s alleged
actions was considered.  Because there
was no evidence that the damage Bolyard caused to the complainant=s property by Bolyard=s alleged actions was in an amount less
than $1,500, there was no evidence that, if guilty at all, Bolyard could have
been guilty only of the lesser included offense.  Bolyard presents no case in support of his
assumption that we should include only the damage to the pickup and waterbed in
assessing the appropriateness of a charge on the lesser included offense, and
we are not aware of any.  We overrule
point six.

The judgment is affirmed.

 

July 13,
2006                                                                           JOHN
G. HILL

Publish.  See Tex.
R. App. P. 47.2(b).                                    JUSTICE

Panel
consists of:  McCall, J., and

Strange,
J., and Hill, J.[2]











[1]Burrell v. State,
526 S.W.2d 799 (Tex. Crim. App. 1975).





[2]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth sitting by assignment.