**Charles Henry SIDNEY aka Charles Williams, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 53533.**

Court of Criminal Appeals of Texas.

En Banc.

Jan. 25, 1978.

Appellants' Motion for Rehearing Denied Feb. 8, 1978.

---

Will Gray, Houston, on appeal only, for appellant.

Carol S. Vance, Dist. Atty., Phyllis M. Bell and Joe D. Anderson, Asst. Dist. Attys., Houston, for the State.

## OPINION

DOUGLAS, Presiding Judge.

This is an appeal from a conviction for aggravated robbery. The court assessed punishment at eight years.

The record reflects that on January 2, 1975, appellant robbed Bertha DeLa Torres of her wallet, which contained approximately $3.00. He took the wallet while he beat her severely. As a result she sustained injuries to her face, left eye and mouth.

Appellant contends that a fatal variance exists between the indictment and the proof. The indictment alleges, in part, that appellant " . . . did then and there unlawfully * * * while in the course of committing theft of money owned by . . . the complainant, and with intent to obtain and maintain control of the property, using and exhibiting a deadly weapon, namely, a pistol, intentionally and knowingly cause serious bodily injury to the complainant."

The record reveals that no pistol was used or displayed by appellant during the robbery. The complainant's injuries were caused from the beating appellant inflicted upon her with his fists.

The court instructed the jury that "[T]he offense is aggravated robbery if the person committing a robbery causes serious bodily injury to another or uses or exhibits a deadly weapon in committing robbery."

In applying the law to the facts, the court gave the following instruction:

"Now if you find from the evidence beyond a reasonable doubt that on or about the 2nd day of January, 1975 in Harris County, Texas, the defendant, CHARLES HENRY SIDNEY alias CHARLES WILLIAMS, did, without the effective consent of Bertha DeLa Torres, the owner, take and exercise control over the corporeal personal property of Bertha DeLa Torres, to wit, money, from the possession of Bertha DeLa Torres, with intent then and there to deprive Bertha DeLa Torres of said money, and that said defendant, in so doing, and with intent to acquire and maintain control of said money, intentionally or knowingly, caused bodily injury to said owner or intentionally or knowingly threatened or placed said owner in fear of imminent bodily injury or death, and if you further find from the evidence beyond a reasonable doubt that in so doing the foregoing acts, if you do so find, the defendant caused serious bodily injury to Bertha DeLa Torres then you will find defendant guilty of aggravated robbery . . . ."

There were no objections to the court's charge.

Appellant was indicted under V.T.C.A., Penal Code, Section 29.03, which provides as follows:

"(a) A person commits an offense as defined in Section 29.02 of this code, and he:

"(1) causes serious bodily injury to another; or

"(2) uses or exhibits a deadly weapon.

"(b) An offense under this section is a felony of the first degree."

■ The constituent elements of the offense are that a person (1) commits the offense of robbery as defined in Section 29.02, supra, (2) causes serious bodily injury to another or uses or exhibits a deadly weapon. Where there are several ways or methods by which an offense may be committed set forth in the same statute, and those ways or methods are subject to the same punishment, they may be charged conjunctively in one count. *Garcia v. State,* 537 S.W.2d 930 (Tex.Cr.App.1976); see also, 30 Tex.Jur.2d, Indictment and Information, Section 42, page 610. Therefore, an indictment charging the offense of aggravated robbery may properly allege conjunctively in one count that the robbery was effected by *the use and exhibition of a deadly weapon, and by the infliction of serious bodily injury to another.* Allegation and proof of either of the two statutory means of aggravation will suffice to support a conviction for aggravated robbery. See and compare *Garcia v. State, supra.*

■ Appellant was initially charged with committing aggravated robbery by using and exhibiting a deadly weapon and by intentionally causing serious bodily injury to the complainant. The theory that appellant used and exhibited a deadly weapon was abandoned and was not submitted in the court's charge.

*Burrell v. State,* 526 S.W.2d 799 (Tex.Cr. App.1975), is distinguishable on its facts. In *Burrell,* the State was erroneously allowed to amend a duplicitous indictment by deleting descriptive allegations. We held that such amendment was one of substance and, thus, contravened Article 28.10, V.A.C. C.P. In the instant case, however, there was no amendment, but merely an abandonment of one of the ways or methods by which the offense could be committed. No violation of Article 28.10, supra, has been shown.

The State relied upon the theory set forth in the indictment that appellant intentionally caused serious bodily injury to the complainant. The proof supporting this theory is strong. We hold that no fatal variance is shown.

In view of this holding, we do not reach appellant's contention that the evidence is insufficient to support the allegation that he used and exhibited a pistol. Likewise, we do not reach his contention that the evidence is insufficient to show he caused serious bodily injury to the complainant with a pistol.

Appellant contends the evidence is insufficient to prove that he stole the complainant's wallet. He argues that the evidence is sufficient to support a conviction for attempted rape, but is insufficient to prove any offense against property.

■ The complainant testified that appellant had placed her in fear of imminent serious bodily injury or death. He took her wallet without her consent while he was hitting her and did not return it. She further testified that the wallet contained approximately $3.00.

Viewing this evidence in the light most favorable to the State, as we must, we hold the evidence was sufficient to prove that appellant robbed the complainant of her money. See V.T.C.A., Penal Code, Sections 29.02, 29.03 and 31.03.

The judgment is affirmed.

ONION, Presiding Judge, dissenting.

Appellant contends that there is a fatal variance between the indictment and the proof in that the indictment alleged the single offense of aggravated robbery by using and exhibiting a deadly weapon, namely, a pistol, and that the proof revealed that no pistol was used.

Omitting the formal parts, the indictment alleged in part that on or about January 2, 1975 the appellant:

"did then and there unlawfully while in the course of committing theft of money owned by Bertha DeLa Torres, hereafter styled the complainant, and with intent to obtain and maintain control of the property, using and exhibiting a deadly weapon, namely, a pistol, intentionally

and knowingly cause serious bodily injury to the complainant."

The proof did not show a pistol was used as the State readily admits.

The majority, citing *Garcia v. State,* 537 S.W.2d 930 (Tex.Cr.App.1976), overrules appellant's contention, holding that where there are several ways by which an offense may be committed set forth in the same statute, and those ways are subject to the same punishment, they may be charged conjunctively in one count. The majority concluded the indictment conjunctively charged: (1) aggravated robbery by using and exhibiting a deadly weapon and (2) aggravated robbery by the causation of serious bodily injury to another and the submission of the second method (serious bodily injury) to the jury and the abandonment in effect of the first method (using and exhibiting a deadly weapon) was not error. The majority thus found no variance between allegata et probata in view of the permissive abandonment described above. The majority sought to distinguish *Burrell v. State,* 526 S.W.2d 799 (Tex.Cr.App.1975), contending that there was no amendment of substance by deleting descriptive allegations.

The key word in the indictment is the word "serious," which is descriptive of the alleged "bodily injury." If the word "serious" had not been employed there could be only one possible interpretation of the indictment; i. e., the indictment would have alleged the appellant had committed robbery by causing bodily injury and that it was aggravated robbery because the appellant used and exhibited a deadly weapon. However, the insertion of the word "serious" allows three possible interpretations of this indictment: (1) the indictment alleges aggravated robbery by a deadly weapon, (2) the indictment alleges aggravated robbery with serious bodily injury, or (3) the indictment alleges these two ways to commit aggravated robbery conjunctively in one count.[1]

To better understand these possible interpretations, the statutes defining robbery and aggravated robbery must be examined.

V.T.C.A., Penal Code, § 29.02 (Robbery), provides:

"(a) A person commits an offense if, in the course of committing theft as defined in Chapter 31 of this code and with intent to obtain or maintain control of the property, he:

"(1) intentionally, knowingly, or recklessly causes bodily injury to another; or

"(2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.

"(b) An offense under this section is a felony of the second degree."

The elements of robbery with *bodily injury* are: (1) a person (2) in course of committing theft (3) with intent to obtain or maintain control of property (4) intentionally, knowingly or recklessly (5) causes bodily injury.

The elements of robbery *by threats or fear* are: (1) a person (2) in course of committing theft (3) with intent to obtain or maintain control of property (4) knowingly or intentionally (5) threatened or placed another in fear of imminent bodily injury or death.[2]

V.T.C.A., Penal Code, § 29.03 (Aggravated Robbery), provides:

"(a) A person commits an offense if he commits robbery as defined in Section 29.02 of this code, and he:

"(1) causes serious bodily injury to another; *or*

"(2) uses or exhibits a deadly weapon.

"(b) An offense under this section is a felony of the first degree." (Emphasis added.)

The elements of aggravated robbery *with serious bodily injury* are: (1) a person (2)

---

2. It is observed as to the culpable mental states involved in the two ways of committing robbery "knowingly" and "intentionally" are common to both while "recklessly" is applicable only to robbery with bodily injury.

commits robbery under § 29.02 and (3) causes serious bodily injury to another.

The elements of aggravated robbery *by deadly weapon* are: (a) a person (2) commits a robbery under § 29.02 and (3) uses or exhibits a deadly weapon.

Morrison and Blackwell, New Penal Code Forms, § 29.03A, p. 32, provides a suggested form for an indictment alleging aggravated robbery—causing serious bodily injury:

"(Commencement Form) A. B., on or about the _____ day of _____, 19____, in the county and state aforesaid, did then and there while in the course of committing theft and with intent to obtain (*or* maintain control of) property of C. D., to wit: _____ (specify the property) without the effective consent of the said C. D. and with intent to deprive the said C. D. of said property, did then and there intentionally knowingly (*or* recklessly) cause serious bodily injury to C. D. (*or* E. F.) by _____ (specify the manner and means of committing the act)."

Another suggested form is found in 2 Branch's Texas Annotated Penal Statutes, 3rd ed., § 29.03, p. 319 (Aggravated Robbery with Serious Bodily Injury):

"[Caption, Introduction, see Appendix of General Pleading Forms]

"__1__ did then and there, while in the course of committing theft of __2__ (*describe property which is the subject of the theft*), hereinafter called 'the property,' from __3__ (*name of owner of the property*), with intent to obtain and maintain control of the property, knowingly and intentionally cause serious bodily injury to __4__ (*name of victim*)."

Morrison and Blackwell, New Penal Code Forms, § 29.03B, p. 33, also sets forth another suggested form for an indictment for aggravated robbery—with a deadly weapon:

"(Commencement Form) A. B., on or about the _____ day of _____, 19____, in the county and state aforesaid, did then and there while in the course of committing theft and with intent to obtain (*or* maintain control of) property of C. D., to wit: _____ (specify the property), without the effective consent of the said C. D. and with intent to deprive the said C. D. of said property, did then and there by using and exhibiting a deadly weapon, to wit: _____ (specify the deadly weapon used) intentionally and knowingly (*or* recklessly) cause bodily injury to C. D. (*or* E. F.) by _____ (specify the manner and means of committing the act) (*or* intentionally and knowingly threaten C. D. (*or* E. F.) with (*or* intentionally and knowingly place C. D. (*or* E. F.) in fear of) imminent bodily injury (*or* death)."

2 Branch's Texas Annotated Penal Statutes, 3rd ed., § 29.03, p. 320, also suggests an indictment form for "Aggravated Robbery by Deadly Weapon." It provides:

"[Caption, Introduction, see Appendix of General Pleading Forms]

"__1__ did then and there, while in the course of committing theft of __2__ (*describe the property which is the subject, of the theft*), hereinafter called 'the property,' from __3__ (*name of owner of the property*), with intent to obtain and maintain control of the property, using and exhibiting a deadly weapon, namely, __4__ (*describe weapon*), knowingly and intentionally __5__ (*cause bodily injury to*) __6__ (*name of victim*), (*or*) __7__ (*threaten and place __8__ (*name of victim*) in fear of imminent bodily injury and*)."

It appears that the indictment in the instant case attempted to follow the last form set out above for aggravated robbery by a deadly weapon with the allegation that bodily injury was caused and the word "serious" was inserted as descriptive of the bodily injury. As indicated earlier, this insertion raises the question before us. Did the allegations of the indictment simply allege aggravated robbery by a deadly weapon in which bodily injury was caused with the averment of "serious" being an unnecessary but a descriptive averment requiring proof thereof to sustain the conviction, or did the indictment allege aggravated robbery with serious bodily injury with

averments specifying the manner and means of committing the act (with a deadly weapon, namely, a pistol) but which averments, having been pleaded must be proved, or did the indictment allege, as the majority suggests, both forms of aggravated robbery conjunctively in one count and the form with a deadly weapon was abandoned when the charge was submitted to the jury (that *portion of the indictment actually aban-doned was the averment "using and exhib-iting a deadly weapon, namely, a pistol.")?*

In my humble opinion the judgment must be reversed under any of these theories.

If the indictment in fact alleges aggravated robbery by a deadly weapon in which bodily injury was caused, then the conviction must fall. In *Moore v. State,* 531 S.W.2d 140 (Tex.Cr.App.1976), we stated, "The State is bound by its allegations in the indictment and must prove them beyond a reasonable doubt. *Butler v. State,* 429 S.W.2d 497 (Tex.Cr.App.1968); *Seiffert v. State,* 501 S.W.2d 124 (Tex.Cr.App.1973). Therefore, the State was bound to prove beyond a reasonable doubt that the appellants robbed the complainant Shaw with a pistol. The proof of robbery with a sawed-off shotgun does not meet the burden." Here it was alleged that the deadly weapon was a pistol and there was no proof whatsoever that a pistol was in fact used.

If it is assumed that the indictment alleges aggravated robbery with serious bodily injury being caused, then it is apparent that the pleader (as suggested in the Morrison and Blackwell forms) went further and alleged the manner and means of committing the act ("using and exhibiting a deadly weapon, namely, a pistol"). In *Burrell v. State, supra,* the indictment, omitting the formal parts, alleged that *Burrell* " . . . did unlawfully, voluntarily *and with malice aforethought,* make an assault in and upon the person of J. P. Huckabay, hereinafter styled 'Injured Party', with the intent to kill said 'Injured Party' *by shooting him with a gun,* and said 'Injured Party', then and there being an officer, to-wit, a police officer of the City of Balch Springs, Texas, who was then and there engaging in the performance of his official duty and the said Defendant then and there knowing that the said 'Injured Party' was such police officer . . . ." (Emphasis supplied.) The trial court permitted the State to amend the indictment after the trial commenced by the deletion of the emphasized words. This court concluded that the deleted words, although unnecessary allegations, were descriptive of the offense and once pleaded they must be proved, and that therefore their deletion from the indictment was an amendment of substance which required reversal of the conviction. Thus, it is apparent in the instant case that the State having averred the manner and means of committing the act must prove the manner and means, and the State failed to do so.

It is also my opinion that the least likely interpretation of this indictment is that it conjunctively alleges both forms of aggravated robbery. Article 21.11, Vernon's Ann.C.C.P., provides in part:

"An indictment shall be . . . in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged . . . ."

Here there is nothing on the face of this indictment to indicate that two forms of aggravated robbery are being alleged. Had the pleader intended to *conjunctively* allege both forms of aggravated robbery it would seem to follow that he would use a *conjunction* to join up the two forms. In *Garcia v. State, supra,* and in a sampling of the cases under 30 Tex.Jur.2d, Indictment and Information, § 42, p. 610 (cited by the majority), the conjunction "and" is used in the indictment where the word "or" is found in the statute. However, assuming arguendo that the indictment does attempt to allege both forms of aggravated robbery, I am further of the opinion that under the rule laid down in *Burrell v. State, supra,* the State cannot here delete from the indictment, by abandonment, amendment, or otherwise, the

words "using and exhibiting a deadly weapon, namely, a pistol." In this case, these words are clearly descriptive averments of the manner and means of committing the offense and because they are alleged they must be proved. They were not so proved.

For the reasons stated, the judgment should be reversed and remanded. I dissent.

ROBERTS and PHILLIPS, JJ., join in this dissent.