Hollabaugh v. State 






NO. 10-89-207-CR

IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

          WILLIAM BRUCE HOLLABAUGH,
                                                                                            Appellant
          v.

          THE STATE OF TEXAS,
                                                                                            Appellee

* * * * * * * * * * * * *

 From 40th Judicial District Court
Ellis County, Texas
Trial Court # 16,989

* * * * * * * * * * * * *

O P I N I O N

* * * * * * *
          A jury convicted Appellant of bribery and assessed his punishment at three years in prison
and a $700 fine, both probated. See TEX. PENAL CODE ANN. § 36.02(a)(1) (Vernon 1989). 
Appellant complains that the evidence was insufficient to support his conviction. He also argues
that his conviction should be reversed because he was tried under a general statute rather than a
special statute, and that the State failed to prove venue by a preponderance of the evidence. The
judgment will be affirmed.
          Appellant, a constable in Ellis County, was indicted under two separate paragraphs alleging
two ways he committed bribery: (1) intentionally and knowingly soliciting and agreeing to accept
money from Suzanne Gardinier, upon the representation and understanding that he would not
arrest her son, Ernest Van Gorder, against whom an arrest warrant was outstanding; and (2)
intentionally and knowingly soliciting and agreeing to accept money from Suzanne Gardinier upon
the representation and understanding that he would dispose of a case then pending against Van
Gorder. 
          Points one and two are that the evidence was insufficient to support Appellant's conviction
under either or both paragraphs of the indictment. Point three questions the sufficiency of the
evidence to prove the required culpable mental state. When reviewing a complaint of insufficient
evidence, the question is whether, viewing the evidence in the light most favorable to the verdict,
any rational trier of fact could have found the essential elements of the crime beyond a reasonable
doubt. Butler v. State, 769 S.W.2d 234, 239 (Tex. Crim. App. 1989).
          When a statute provides more than one means by which an offense may be committed, the
different means may be charged conjunctively in one count in an indictment. Sidney v. State, 560
S.W.2d 679, 681 (Tex. Crim. App. 1978). Furthermore, when the indictment alleges
conjunctively different ways of committing an offense, a general verdict finding the defendant
guilty as charged in the indictment is proper and will support a conviction under either theory
supported by the evidence. Vasquez v. State, 665 S.W.2d 484, 486-87 (Tex. Crim. App. 1984). 
However, this is not true if the defendant objects to the charge based upon insufficient evidence
or files a motion to force the state to elect. Id. Appellant neither objected to the charge based on
insufficient evidence nor forced the State to make an election. Thus, his conviction may be
sustained if the evidence was sufficient to prove that he solicited money from Gardinier as
consideration for either (1) not arresting her son, or (2) disposing of the case against him.
          Gardinier testified that Appellant called her, identified himself as a constable from Ellis
County,and informed her that her son had failed to appear for a hearing and that a warrant had
been issued for his arrest. According to Gardinier, he told her that, if she paid a fine in the
amount of $700, he had the power to see that the "whole case [was] taken care of." Appellant
directed her to send a cashiers check payable to him to his home address. 
          During one telephone call which Gardinier taped, the following exchange occurred:
MS. GARDINIER: Now, I am sending you, [Appellant], seven hundred dollars in
a cashiers check and that's going to take care of all of it, any charges against those things
[i.e., DWI arrest, failure to appear, and interstate flight to avoid prosecution]; is that right?
[APPELLANT]: Yes, ma'am.
MS. GARDINIER: Okay. You've got the authority to take care of all of that?
[APPELLANT]: Yes ma'am.

Gardinier claimed that he left her with the impression that the case would be "closed" once the fine
was paid. Based on this evidence and the record as a whole, the evidence was sufficient to prove
that Appellant intentionally and knowingly solicited money from Gardinier as consideration for
disposing of the case against her son. Having decided that Appellant's conviction under paragraph
two was supported by the evidence, this court need not determine whether the evidence supported
his conviction under paragraph one. Points one, two and three are overruled. 
          Appellant was tried under section 36.02 of the Penal Code which provides: "A person
commits an offense if he intentionally or knowingly offers, confers, or agrees to confer on
another, or solicits, accepts, or agrees to accept from another . . . any benefit as consideration for
the recipient's decision, opinion, recommendation, vote, or other exercise of discretion as a public
servant." See TEX. PENAL CODE ANN. § 36.02(a)(1) (Vernon 1989) (emphasis added). 
However, article 6252-24 provides that "[a]ny . . . constable . . . who shall receive for collection
or undertake the collection of any claim for debt for others except under and by virtue of the
process of law prescribing the duties of such officers, or who shall receive compensation therefor
except as prescribed by law, shall be guilty of a misdemeanor." TEX. REV. CIV. STAT. ANN.
art. 6252-24 (Vernon Supp. 1991) (emphasis added). Point four is that Appellant's conviction
should be set aside because he was tried under a general penal statute when a special statute, which
conflicted with the general statute, was applicable.
          When a general statute and a special statute conflict, the special statute will control
regardless of whether it was passed prior or subsequent to the general statute, unless the legislature
intended to make the general act controlling. Ex parte Harrell, 542 S.W.2d 169, 172 (Tex. Crim.
App. 1976). However, both statutes must pertain to the offense involved for the specific statute
to control. Cheney v. State, 755 S.W.2d 123, 127 (Tex. Crim. App. 1988).
          Appellant claimed that he was working as a "recovery agent" for Ellis County Bail Bonds
and seeking to collect a debt owed to the company. However, the record reveals that he never
informed Gardinier that he was acting as a recovery agent, but instead identified himself as a
constable and told her to make the check payable to him. Appellant was not tried for undertaking
the collection of a debt for another. Rather, he was tried for bribery, i.e., soliciting money in
exchange for "taking care" of the "whole case" against Van Gorder. Accordingly, point four is
overruled because the special statute and the general statute did not cover the same subject matter. 
          Finally, Appellant complains that the State failed to prove venue by a preponderance of the
evidence. Rule 80 of the Rules of Appellate Procedure provides that a "court of appeals shall
presume that the venue was proved in the court below . . . unless [it] was made an issue in the
court below, or it otherwise affirmatively appears to the contrary from the record." TEX. R.
APP. P. 80(d). Point five is overruled because Appellant failed to question venue at trial and
because venue in Ellis County was not contrary to the record. The judgment is affirmed.


                                                                                 BOB L. THOMAS
                                                                                 Chief Justice
Before Chief Justice Thomas,
          Chief Justice McDonald (Retired) 
          and Justice James (Retired)
Affirmed
Opinion delivered and filed January 24, 1991
Do not publish