Affirmed and Memorandum Opinion filed July 16, 2009








Affirmed
and Memorandum Opinion filed July 16, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00520-CR

____________

 

ALFREDO JUAN TOBAR, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 180th
District Court

Harris County, Texas

Trial Court Cause No. 1110608

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Alfredo Juan Tobar, appeals his conviction for
deadly conduct.  After a jury found appellant guilty, punishment was assessed
at ten years in prison and a $2,500 fine. In four issues, appellant challenges
the legal and factual sufficiency of the evidence supporting his conviction. 
We affirm.   

I.  BACKGROUND








Appellant=s conviction arose from a shooting that
occurred at the complaining witness=s house on April
1, 2007.  The complaining witness, her friends, and relatives had gathered
inside her house shortly after midnight.  Minutes after they arrived, three
bullets were fired into the complaining witness=s house.  The
first bullet penetrated the front door and pierced the couch on which the
complaining witness was sitting.  The second bullet struck a cabinet in the
complaining witness=s bedroom, and the third bullet struck
through her bathroom.  The complaining witness called 911, and within minutes,
she heard an additional three gunshots fired in the air outside her home.  The
complaining witness immediately looked out her window and saw a white truck,
carrying tools and roofing materials, driving away.  The complaining witness
recognized the white truck as the vehicle owned by her former boyfriend, whom
she identified as appellant.[1] 
The complaining witness relayed the additional information to 911. 

Officer Charles Jones of the Houston Police Department was
dispatched to the complaining witness=s house to
investigate the shooting.  While en route, Officer Jones received a call over
his radio that another unit was following a vehicle matching the description of
the white truck suspected of being involved in the shooting.  Officers Hollis
and McGruder of the Houston Police Department were near the complaining witness=s house on an
unrelated investigation when they heard three to four gunshots.  Officer Hollis
testified that moments after hearing the gunfire, he observed a white truck
carrying tools and roofing materials driving by at a high rate of speed. 
Minutes later, the officers heard another round of gunfire and observed the
same white truck speeding away.  The officers followed the white truck as they
recounted their observations to Officer Jones over the radio.








Officers Hollis and McGruder eventually stopped the white
truck and directed Officer Jones to their location.  When Officer Jones
arrived, he ordered the driver out of the truck with his hands up.  The driver
complied, but when Officer Jones attempted to handcuff him, the driver thrust
his elbow into Officer Jones and reached towards his waistband.  In response,
Officer Jones struck the driver with his flashlight.  Officer Jones eventually
gained control over the driver and secured him in handcuffs.  Officer Jones
then searched the truck for other passengers.  Although he saw no other
passengers, Officer Jones observed in plain view an empty gun holster and a box
of ammunition on the driver=s seat.  Officer Jones transported the
driver to the complaining witness=s house, and the
complaining witness identified him as appellant, her former boyfriend, who she
believed had fired the bullets into her home. 

Appellant was arrested and charged by indictment with
felony deadly conduct.  In two separate paragraphs, the indictment alleged that
appellant committed deadly conduct by two manner and means: (1) unlawfully and
knowingly discharging a firearm at and in the direction of the complaining
witness=s house, a
habitation, while being reckless as to whether the habitation was occupied and
(2) unlawfully and knowingly discharging a firearm at and in the direction of
the complaining witness.  Appellant pleaded not guilty.  The case was tried to
a jury, which found appellant guilty of deadly conduct as charged in the
indictment.  Punishment was assessed at ten years in prison and a $2,500 fine.

On appeal, appellant contends that the evidence is legally
and factually insufficient to prove that he (1) knowingly discharged a firearm
at or in the direction of the complaining witness=s house while
being reckless as to whether the home was occupied; and (2) knowingly
discharged a firearm at or in the direction of the complaining witness.

II.  STANDARDS OF REVIEW 








In four issues, appellant challenges the legal and factual
sufficiency of the evidence. In a legal sufficiency review, we view all the
evidence in the light most favorable to the verdict and determine whether a
rational jury could have found the defendant guilty of all the elements of the
offense beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307,
319 (1979); Williams v. State, 270 S.W.3d 140, 142 (Tex. Crim. App.
2008).  The jury is the exclusive judge of the credibility of witnesses and of
the weight to be given to their testimony.  Lancon v. State, 253 S.W.3d
699, 707 (Tex. Crim. App. 2008).  Reconciliation of conflicts in the evidence
is within the exclusive province of the jury.  Cleburn v. State, 138
S.W.3d 542, 544 (Tex. App.CHouston [14th Dist.] 2004, pet. ref=d).   We must
resolve any inconsistencies in the testimony in favor of the verdict.  Curry
v. State, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

In a factual sufficiency review, we review all the evidence
in a neutral light, favoring neither party.  Watson v. State, 204 S.W.3d
404, 414 (Tex. Crim. App. 2006).  We then ask (1) whether the evidence
supporting the conviction, although legally sufficient, is nevertheless so weak
that the jury=s verdict seems clearly wrong and manifestly unjust,
or (2) whether, considering the conflicting evidence, the jury=s verdict is
against the great weight and preponderance of the evidence.  Id. at
414B17; Marshall v.
State, 210 S.W.3d 618, 625 (Tex. Crim. App. 2006).  We cannot declare that
a conflict in the evidence justifies a new trial simply because we disagree
with the jury=s resolution of that conflict.  Watson, 204 S.W.3d
at 417.  If an appellate court determines that the evidence is factually
insufficient, it must explain in exactly what way it perceives the conflicting
evidence greatly to preponderate against conviction.  Id. at 414B17; Rivera-Reyes
v. State, 252 S.W.3d 781, 784 (Tex. App.CHouston [14th
Dist.] 2008, no pet.).  The reviewing court=s evaluation
should not intrude upon the factfinder=s role as the sole
judge of the weight and credibility given to any witness=s testimony.  Johnson
v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000).

III.  SUFFICIENCY OF THE EVIDENCE








A person commits deadly conduct if he knowingly discharges
a firearm at or in the direction of:  (1) one or more individuals or (2) a
habitation, building, or vehicle and is reckless as to whether the habitation,
building, or vehicle is occupied.  Tex. Penal Code '22.05(b).  A
person acts knowingly, or with knowledge, Awhen he is aware
of the nature of his conduct or that the circumstances exist@ or Ahe is aware that
his conduct is reasonably certain to cause the result.@  Id. ' 6.03(b).  A
person acts recklessly, or is reckless, when Ahe is aware of but
consciously disregards a substantial and unjustifiable risk that the
circumstances exist or the result will occur.@  Id. ' 6.03(c).

In issues one and three, appellant argues that the evidence
is legally and factually insufficient to prove that he knowingly discharged a
firearm at or in the direction of a habitation.  Appellant argues that the
evidence is insufficient because: (1) the police never recovered the gun used
in the shooting; (2) there was no testing for gunshot residue on appellant=s person or
clothing; (3) no one observed appellant in possession of a firearm or observed
him shooting at the complaining witness=s house; and (4)
the complaining witness=s house is in a high crime area in which
gunfire is frequent.  According to appellant, the only evidence offered by the
State supporting the jury=s verdict is his mere presence at or near
the complaining witness=s house, which happens to be in the same
neighborhood in which he resides.  

The appellant is correct that there is no testimony placing
a gun in his hand on the night of the shooting.  He is also correct that no one
testified having seen him shoot at the complaining witness=s house.  However,
there is ample circumstantial evidence supporting the jury=s verdict.  The
identity of the perpetrator of an offense can be proved by direct or
circumstantial evidence.  Earls v. State, 707 S.W.2d 82, 85 (Tex. Crim.
App. 1986); Greene v. State, 124 S.W.3d 789, 792 (Tex. App.CHouston [1st
Dist.] 2003, pet. ref=d) (holding that A[i]dentity of a
perpetrator can be proved by direct or circumstantial evidence; eyewitness
identification is not necessary@); Smith v. State, 56 S.W.3d 739,
744 (Tex. App.CHouston [14th Dist.] 2001, pet. ref=d) (AIdentity may be
proved through direct or circumstantial evidence, and through inferences.@).  Circumstantial
evidence alone is sufficient to establish guilt.  Guevara v. State, 152
S.W.3d 45, 49 (Tex. Crim. App. 2004).  The standard of review on appeal is the
same for both direct- and circumstantial-evidence cases.  Id.








Here, the evidence shows that the complaining witness
observed a white truck similar to appellant=s truck driving
away from her house immediately after she heard the second round of gunfire. 
The complaining witness further testified that she recognized the truck as
appellant=s vehicle because its distinctive engine noise
resembled that of appellant=s truck.  These observations convinced her
that appellant was the gunman.

Additionally, officers observed appellant speeding away in
a truck, similar to  the truck  described by the complaining witness, after
hearing gunfire in the same area.  The officers pursued appellant as he was
speeding away and ultimately stopped and searched his truck.  Appellant was
found in possession of a box of ammunition containing .38 caliber bullets, the
same caliber of the bullets shot into the complaining witness=s house. 
Appellant was in possession of an empty gun holster suitable for a gun that
fires .38 caliber bullets.  Appellant also resisted arrest.  Because appellant
was speeding away from the complaining witness=s house
immediately after the gunfire, because he was in possession of bullets of the
same caliber as those shot into the complaining witness=s house, and
because he was in possession of an empty gun holster suitable for a gun that
fires .38 caliber bullets, Officer Jones concluded that appellant fired the
shots into the complaining witness=s house and then
disposed of the gun before he was stopped by officers.  From this evidence, a
reasonable jury could have inferred that appellant was the gunman.

There is also sufficient evidence that appellant was
reckless as to whether the complaining witness=s house was
occupied at the time of the shooting.  See Tex. Penal Code '22.05(b)(2).  A
person acts recklessly, or is reckless, when Ahe is aware of but
consciously disregards a substantial and unjustifiable risk that the
circumstances exist or the result will occur.@  Id. ' 6.03(c). 
Further, A[t]he risk must be of such a nature and degree that
its disregard constitutes a gross deviation from the standard of care that an
ordinary person would exercise under all circumstances as viewed from the actor=s standpoint.@  Id.








Firing a gun at a residence at midnight is a gross
deviation from the standard of care a reasonable person would exercise.  A
reasonable person would understand that (1) a residence is most likely occupied
at midnight, and (2) firing a gun at an occupied residence involves a high risk
of injury.  From this evidence, the jury was free to infer that appellant was
aware of, but consciously disregarded, that the complaining witness=s house was
occupied.  After reviewing the evidence in the light most favorable to the
verdict, we cannot conclude that a rational jury could not have found appellant
guilty beyond a reasonable doubt.  Furthermore, viewing the evidence in a
neutral light, we cannot conclude that the evidence in support of the jury=s verdict is so
weak that the jury=s verdict seems clearly wrong and unjust,
or in considering conflicting evidence, that the jury=s verdict is
against the great weight and preponderance of the evidence.  Accordingly, we
overrule appellant=s first and third issues.

Having determined that the evidence is legally and
factually sufficient to support the verdict based on discharging a firearm at a
habitation, we do not reach appellant=s second and
fourth issues challenging the evidence on the alternative means by which the
State could have proved deadly conduct, discharging a firearm at the
complaining witness. 
When a statute provides more than one means of committing an offense and those
means are subject to the same punishment, the State may plead them
conjunctively.  See Schwenk v. State, 733 S.W.2d 142, 149 (Tex. Crim.
App. 1981); Sidney v. State, 560 S.W.2d 679, 681 (Tex. Crim. App.
1978).  However, to support the conviction, the State needed to prove only one
of the alleged means.  See Sidney, 560 S.W.2d at 681; Edwards v.
State, 97 S.W.3d 279, 291 (Tex. App.CHouston [14th Dist.] 2003, pet. ref=d).    








Here,
the indictment alleged two means by which appellant committed the offense of
deadly conduct: (1) by shooting at and in the direction of the complaining
witness=s house and (2) by shooting at and in
the direction of the complaining witness.  The jury charge authorized
conviction of deadly conduct if the jury found that appellant knowingly
discharged a firearm at or in the direction of the complaining witness=s house, a habitation, or knowingly
discharged a firearm at or in the direction of the complaining witness, an
individual.  The jury returned a general verdict of Aguilty of deadly conduct, as charged
in the indictment.@  When a general verdict is returned and the evidence is
sufficient to support a finding of guilt under any of the paragraph allegations
submitted, the verdict will be upheld.  McDuff v. State, 939 S.W.2d 607,
614 (Tex. Crim. App. 1997).  Because the evidence is legally and factually
sufficient to support the jury=s verdict on at least one manner and means of deadly conduct,
i.e., discharging a firearm at a habitation, we need not address appellant=s second and fourth issues
challenging the evidence on the alternate means of committing deadly conduct.  See
Kirsch v. State, 276 S.W.3d 579, 584 (Tex. App.CHouston [1st Dist.] 2008, pet.
granted); Henderson v. State, 77 S.W.3d 321, 327 (Tex. App.CFort Worth 2002, no pet.) (concluding
that an appellate court is required to uphold the sufficiency of the evidence
if the evidence is sufficient to convict under any theories of manner and means
submitted to the jury); Price v. State, 59 S.W.3d 297, 300B03 (Tex. App.CFort Worth 2001, pet. ref=d) (concluding that conviction for
driving while intoxicated may be had through proof of only one of the
alternative means alleged for committing the offense).

We affirm the trial court=s judgment. 

 

 

/s/        Adele Hedges

Chief Justice

 

Panel consists of Chief Justice
Hedges, Justice Frost, and Senior Justice Hudson.*

Do Not Publish C Tex.
R. App. P. 47.2(b).

 

 

 

 

 

 

*Senior Justice J. Harvey Hudson
sitting by assignment.









[1]  There is evidence that the complaining witness told
the 911 operator and law enforcement that appellant was her ex-husband. 
However, the two were never married but dated for six years previous to the
shooting.  The complaining witness had ended the relationship some ten months
earlier.